[Civ. No. 4898.   Third Appellate District.—December 2, 1933.]

HERMAN L. THOMSON, Appellant, v. L. W. LEAK, Respondent.

K. D. Robinson for Appellant.

Fred P. Tuttle, Jr., for Respondent.

PARKER, J., *pro tem.*—By this action plaintiff seeks to recover from defendant certain moneys alleged to be due plaintiff from defendant under the terms of a written contract. The case was tried in the court below without a jury and judgment was ordered and entered in favor of defendant and against plaintiff.

From such judgment the plaintiff appeals and the appeal is presented on the judgment-roll alone, consisting of the complaint, answer, findings of fact and conclusions of law and the judgment.

A great deal of comment concerning the facts has crept into the briefs, but we have no record of the evidence taken, so, therefore, the allusions to what the testimony was does not at all aid us; on the contrary, they but tend to befog the question.

The complaint alleges and the answer admits that on September 21, 1928, plaintiff and defendant entered into a written agreement substantially as follows: Defendant agreed to pay plaintiff on and after September 1, 1930, the sum of $500, and on and after September 1, 1931, the sum of $500, and on and after September 1, 1932, the sum of $500, provided that defendant should receive from Manuel Silva, Julia Silva and Manuel Dutra the sum of $1500 for each of said years under a contract made between defendant and the Silvas and Dutra, which latter contract was dated September 21, 1928, and by the terms of which the parties last named agreed to buy from defendant certain lands in Nevada County.

It was further alleged that by a contract made February 16, 1929, between defendant Leak and the said Silvas and Dutra it was agreed that the former contract of purchase and sale between the parties, namely, the contract of September 21, 1928, under which plaintiff was to receive a portion of the payments, was rescinded and supplanted by said later agreement. It is further alleged that by reason of

said rescission defendant has prevented performance by the Silvas and Dutra and has thereby prevented himself from receiving the payments referred to in the contract between plaintiff and defendant and has thus put it out of his power to perform.

The further allegations of the complaint allege demand and nonpayment and ask for judgment in the sum of $1500. This complaint was filed October 14, 1931.

It seems unnecessary to set forth the details of the defendant's answer inasmuch as the trial court made no findings thereon. It will suffice here to say that issue was joined and the defendant pleaded the contracts between himself and the Silvas and Dutra. The genuineness of these instruments was admitted. We may refer to the answer later herein.

In the first agreement of September 21, 1928, the Silvas and Dutra agreed to buy the lands described for a total purchase price of $25,000. There was a federal land loan against the premises of $5,214.07 and the buyers assumed this, leaving a balance of $19,785.93. Two thousand dollars was paid upon the execution of the instrument, which was paid by a chattel mortgage on certain livestock. The balance of $17,785.93 was to be paid as follows: $1,000 on September 1, 1929; $1500 on the first day of September of each of the following years, to wit: 1930-31-32-33, and the balance to be paid at the rate of $1,000 on the first day of September of each year subsequent to 1933 until the total had been reached.

The contract of February 16, 1929, was between the same parties, namely, defendant Leak as seller and Silva and Dutra as purchasers. The same lands were involved and the same total purchase price of $25,000.

The change in the contract affects the chattel mortgage and the first cash payment. There was no acknowledged cash payment and the balance to be paid was $19,785.93. This sum was to be paid as follows: The sum of $1,000 on September 1, 1929, and the sum of $1500 on the first day of September of each of the following years, 1930-31-32, and $1,000 per year on the first day of September of each and every year thereafter until the total of $19,785.93 had been paid.

It was provided in this second agreement that a chattel mortgage on certain cattle be given to secure the payment of $2,000 payable on September 1, 1929, and September 1,

1930. The last or second contract provides as follows: "This contract is made for the purpose of supplanting that certain contract by and between the same parties, dated the 21st of September, 1928, and it is hereby agreed by and between the parties hereto that said contract is hereby rescinded."

The trial court found, pursuant to appropriate issue presented by the answer, as follows:

"Finding No. 1. That plaintiff suffered no damages by reason of the execution of the contract of February 16, 1929.

"Finding No. 2. That the execution of the second contract did not preclude plaintiff from maintaining an action against defendant for money due him under his contract, provided defendant received the payment or payments under said contract in which plaintiff was to participate.

"Finding No. 3. That defendant did not receive the sum of $1500.00 nor any other sum from the Silvas and Dutra or any other sum whatsoever from the said parties.

"Finding No. 4. That it is not true that by reason of said agreement of February 16, 1929, and said rescission, defendant had prevented the performance by Silvas and Dutra of the contract of September 1st, 1928, and has acquiesced in said nonperformance and has thereby prevented the Silvas and Dutra from paying and defendant from receiving under said contract said sum of $1,500 or any part thereof.

"Finding No. 5. That the so-called second contract was made at the request of the Silvas and Dutra and was made in good faith by the defendant and it was not the intent of defendant in making said contract to defraud plaintiff of the payments due him under the contract between plaintiff and defendant."

Naturally an attack is made upon the findings as not being sufficient to support the judgment and as not being responsive to the issues. We are not inclined to give much time to these contentions. ■ No finding is required where there is no evidence adduced on the allegation. Further still, a finding may be made without the framed issues if the case was tried upon any theory which would support the finding. It does not appear what transpired at the trial regarding the theory upon which the case was tried, nor what testimony was offered thereat. ■ The main conten-

tion of appellant both here and in the court below, as far as it appears, is that the second contract irrevocably terminated the first contract under which plaintiff was to receive a portion of the payments and that the defendant thus put it out of his power to comply with the first contract. The findings do expressly negative this contention. With the contracts before it the trial court found that the Silvas and Dutra were not prevented from performing the first contract and as a conclusion of law found nothing due plaintiff.

Further, the court did expressly find that defendant had received nothing under the second contract. As the terms of payment, in so far as plaintiff was concerned, were identical in both contracts, in respect both to times and amounts of payment, this finding is equivalent to a finding that nothing was received under the first contract of sale.

A mere reading of the two contracts of sale compels the conclusion that the second contract was merely a redraft of the first. It would surely be a ridiculous situation if the buyers under the second contract could retain the property without payment upon the ground that their liability to pay was based upon the first contract and that being rescinded or supplanted no liability remained.

The real obligation of defendant was to pay plaintiff from the funds received from the sale of the land to the Silvas and where no fraud is alleged or found the measure of the defendant's liability to plaintiff is the amount received by defendant on the sale.

While it might be conceded that much criticism could be directed at the findings, yet where the record discloses and the appellant admits his right of recovery depends entirely upon the construction of the instruments before the court and an inspection and study of such instruments demonstrates plaintiff has no right to recover anything it would seem a needless and useless act to send the case back for a retrial.

The intent and meaning of a contract and the association of contracts dealing with the same subject matter between the same parties are really questions of fact to be determined by the trial court and we think that the record sufficiently disclosed the theory of the judgment.

The language in the second contract to the effect that the first contract was supplanted thereby negatives the

latter expression that the first contract was thereby rescinded. The intent was manifest in the writing that the second contract merely carried on the first with the one change in payments that did not affect the right of plaintiff.

The case, as a whole, has no merit and seems to be a modern idea of the "pound of flesh". If plaintiff is so over-anxious to lean upon the written word without the aid of permissible and lawful construction or interpretation we might suggest that the language of his contract whereby defendant agrees to make payments on or after a certain date still leaves to the defendant an eternity within which to comply with the terms of the promise and that there is something premature in plaintiff's present demand.

The general rule, well supported by authority, is announced in Ruling Case Law, volume 6, page 923, section 307, as follows: "One contract is rescinded by another between the same parties, when the latter is inconsistent with, and renders impossible the performance of, the former; but if, though they differ in terms, their legal effect is the same, the second is merely a ratification of the first and the two must be construed together. Where the new contract is inconsistent with the continuance of the former one, and only provides a new mode of discharging the former one, it has no effect unless and until it is performed. Moreover, where parties enter into a contract, which if valid would have the effect, by implication, of rescinding the former contract, and it turns out that the second transaction cannot operate as the parties intended, it does not have the effect, by implication, of affecting their rights in respect to the former transaction."

Going further and by way of argument, let us assume that defendant herein did in the consummation of the sale to the Silvas and Dutra receive the full purchase price under the second contract of sale at the time and in the manner specified, or at any other time for that matter, it is not conceivable that any court would free him from his liability to plaintiff for the reason that the first contract was supplanted by the second.

It is too obvious for further discussion that instead of being prevented by the second contract from fulfilling his contract

with plaintiff the defendant would be compelled to fulfill whenever the sale was completed.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 29, 1934.