[L. A. No. 17863. In Bank.—Aug. 18, 1941.]

JOHN R. WALSH, Appellant, v. MIRIAM C. WALSH, Respondent.

Roland Rich Woolley and Joseph F. Rank for Appellant.

Robert W. Kenny, Morris E. Cohn and Max Sisenwein for Respondent.

CURTIS, J.—This is an appeal from a judgment of dismissal predicated upon the granting of defendant's motion for a summary judgment pursuant to the provisions of section 437c of the Code of Civil Procedure.

The complaint alleged that plaintiff is the adopted son of Raoul A. Walsh and defendant Miriam C. Walsh, who were husband and wife; that defendant and her husband on February 21, 1927, entered into a property settlement agreement [hereinafter designated as the "first agreement"], which contract was modified by a subsequent agreement between the parties dated October 17, 1934 [hereinafter designated as the "second agreement"]; and that defendant has failed, neglected and refused to provide for the support and maintenance of plaintiff pursuant to the terms of the contracts aforesaid. The prayer was for a money judgment. By her answer defendant admitted the execution of the instruments as averred in the complaint, but she denied that she owed plaintiff any sum whatsoever under the provisions of these agreements, copies of which were attached as exhibits in support of her plea. Concurrently with the filing of her answer, defendant moved for a summary judgment based upon the pleadings and her affidavit, wherein she claimed that plaintiff's complaint should be dismissed upon the merits and she

emphasized in particular as determinative of the validity of her defense, the fact that plaintiff had attained his majority some four and one-half years prior to the commencement of this suit and that he no longer was in her custody and control. In opposition to the defendant's motion, plaintiff in his affidavit verifying his cause of action, submitted his version of these property settlement agreements, which interpretation, if true, would tend to show that his rights and interests as a third party beneficiary under the contracts were not qualified by or limited to the period constituting his minority. After hearing of the motion and consideration of these divergent views of the litigants as to the meaning attributable to the language employed in these agreements, the court resolved the conflict in favor of the defendant and entered summary judgment dismissing the plaintiff's complaint.

The controlling question to be determined upon this appeal is whether or not the trial court abused its discretion by entry of the summary judgment in response to defendant's motion therefor. This remedy, available since 1933 to plaintiffs in actions commenced in the superior court, was extended in like terms of limitation to defendants in 1939 by amendment of the summary judgment statute. The relevant provision is section 437c of the Code of Civil Procedure [as amended by Stats. 1939, ch. 331, sec. 1], which so far as here material reads as follows: "In superior courts . . . when an answer is filed in an action to recover upon a debt . . . if it is claimed that . . . the action has no merit, on motion . . . supported by affidavit . . . the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact." Thus, in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. If it finds one, it is then powerless to proceed further, but must allow such issue to be tried by a jury unless a jury trial is waived. By an unbroken line of decision in this state since the date of the original enactment of section 437c, the principle has become well established that issue finding rather than issue determination is the pivot upon which the summary judgment law turns. (*Security First National Bank* v. *Cryer,* 39 Cal. App. (2d) 757 [104 Pac. (2d) 66];

*McComsey* v. *Leaf,* 36 Cal. App. (2d) 132 [97 Pac. (2d) 242] ; *Kelly* v. *Liddicoat,* 35 Cal. App. (2d) 559 [96 Pac. (2d) 186] ; *Shea* v. *Leonis,* 29 Cal. App. (2d) 184 [84 Pac. (2d) 277] ; *Bank of America* v. *Casady,* 15 Cal. App. (2d) 163 [59 Pac. (2d) 444].) As was said in *Shea* v. *Leonis, supra,* at p. 187 : ''A motion for summary judgment is not a trial upon the merits. It is merely to determine whether there is an issue to be tried.'' The same thought was expressed in *Bank of America* v. *Casady, supra,* at p. 168 : ''If an issue of fact is raised, then a summary judgment is improper, and the case must proceed to trial. (*Krieger* v. *Dennie,* 123 Cal. App. (Supp.) 777, 780 [10 Pac. (2d) 820].)'' In *McComsey* v. *Leaf, supra,* the court by an extensive review of leading authorities from other states wherein provision had been made for the award of summary relief, gives striking demonstration of the universal practice to permit this expedited procedure only where it is perfectly plain that there is no substantial issue to be tried. Illustrative of this view is the following quotation from *Dwan* v. *Massarene,* 199 App. Div. 872 [192 N. Y. Supp. 577, 582], a well-considered and widely cited New York case which limits itself strictly to a discussion of the summary judgment rules : ''The court is not authorized to try the issue but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury.''

Determinative of whether or not a genuine and substantial issue of fact was presented by the aforementioned affidavits tendered upon the hearing of the motion for summary judgment is the following specific language of paragraph VIII of the first agreement referable to the undertaking of defendant to furnish support and maintenance to plaintiff :

''The wife shall have the custody and control of the said children, John R. Walsh and Robert R. Walsh, and of their education, until they shall respectively attain to the age of twenty-one years, without any interference whatsoever on the part of the husband. The wife shall at all times consistent with school attendance by said children, afford reasonable opportunity to the husband to visit the children and take them, or either of them, on recreational or other trips, and like opportunity to the children to visit the husband. The wife agrees that she will, so long as she receives the payments provided for in this agreement, properly care for, maintain and educate the said child or children in respect of whom said payments shall have been so made; but, subject only to this

agreement, she may expend the said payments in accordance with her uncontrolled discretion.''

The aforesaid modification by the second agreement in 1934 related only to particulars nonessential to the instant discussion and therefore need not be considered here.

It is plaintiff's position that the words ''child or children'' as used in the above-quoted paragraph are purely descriptive so far as concerns the duration of the benefits to be received by them from defendant. In this connection he places special emphasis upon the fact that when the subject of custody and control is considered in the first sentence, a special limitation is provided depending upon minority; but in the third sentence when the extent of time during which the ''child or children'' shall receive benefit is established, the duration is limited by the single clause ''so long as she receives the payments provided for in this agreement.'' On the other hand, the defendant insists that the thought pervading the paragraph as a whole is the care of the children during minority, so that the defendant's undertaking to support the plaintiff, like her right to his custody, terminated upon his attaining his majority. Thus, whether these pertinent words were intended as terms of description or of limitation becomes the crux of the controversy.

We are of the opinion from a reading of paragraph VIII that the words ''child or children'' as there used are ambiguous and indefinite. The words, flexible in character, are of varying meanings, sometimes defined as synonymous with minor, at other times employed to denote relationship with regard to parentage irrespective of age. On its face the phraseology of this paragraph considered in its entirety is reasonably consistent with either of the interpretations advanced here by the litigants. ■ When a contract is in any of its terms or provisions ambiguous or uncertain, ''it is primarily the duty of the trial court to construe it *after a full opportunity afforded all the parties in the case to produce evidence of the facts, circumstances and conditions surrounding its execution and the conduct of the parties relative thereto.*'' (*Barlow* v. *Frink,* 171 Cal. 165, 172, [152 Pac. 290].) [Italics added.] ■ The governing principle as to when parol testimony may be introduced to explain the language of a contract or to ascertain the intention of the parties is clearly set forth in *Kenney* v. *Los Feliz Investment Co., Ltd.,* 121 Cal.

App. 378, 386, 387 [9 Pac. (2d) 225], as follows: "It is a settled rule that when the language employed is fairly susceptible of either one of two constructions contended for without doing violence to its usual and ordinary import an ambiguity arises where extrinsic evidence may be resorted to for the purpose of explaining the intention of the parties, and that for this purpose conversations between and declarations of the parties during the negotiations at and before the execution of the contract may be shown (*Balfour* v. *Fresno C. & I. Co.*, 109 Cal. 221 [41 Pac. 876])." ■ And in *Scott* v. *Sun-Maid Raisin Growers Assn.*, 13 Cal. App. (2d) 353 [57 Pac. (2d) 148], the court stated at p. 359: "When the meaning of the language of a contract is uncertain or doubtful and parol evidence is introduced in aid of its interpretation, *the question of its meaning is one of fact . . . .* (*Thomson* v. *Leak,* 135 Cal. App. 544, 548 [27 Pac. (2d) 795]; *Gallatin* v. *Markowitz,* 139 Cal. App. 10, 13 [33 Pac. (2d) 424]; *Coats* v. *General Motors Corp.,* 3 Cal. App. (2d) 340, 356 [39 Pac. (2d) 838].)" [Italics added.]

■ Applying the rules of law above stated, it is clear that the trial court should have denied defendant's motion for a summary judgment so that the issue raised between the parties hereto as to the duration of defendant's undertaking to furnish support and maintenance to the plaintiff might be tried upon its merits. ■ The summary judgment statute is drastic and its purpose is not to provide a substitute for existing methods in the trial of issues of fact. The use made of the statute in this case was a perversion and an abuse of it.

For the reasons indicated the judgment of the superior court is hereby reversed and the cause remanded.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Respondent's petition for a rehearing was denied September 13, 1941.