[Civ. No. 16173. Second Dist., Div. Three. May 17, 1948.]

ALICE R. KENNEDY, Respondent, v. BESSIE OWEN, Appellant.

W. P. Butcher for Appellant.

Heaney, Price, Postel & Parma for Respondent.

SHINN, Acting P. J.—Defendant Bessie Owen appeals from orders sustaining without leave to amend the demurrer of plaintiff, Alice R. Kennedy, to defendant's cross-complaint, striking out the cross-complaint and denying a motion of defendant and cross-complainant for an order bringing in as cross-defendants, William J. Knapp and Louise Allen Knapp.

The complaint alleged that on March 15, 1946, one William J. Knapp was the owner of certain land in Santa Barbara County, particularly described in the complaint, and which we will refer to herein as Parcel B; on that day Knapp and

wife deeded the land to defendant, Bessie Owen, by metes and bounds description; that the grantors and grantee understood that a portion of said real property, which we will designate Parcel A, was to be excepted from said transfer and that Bessie Owen was to acquire only the remainder of said Parcel B; that the scrivener of said deed was instructed to prepare a description of Parcel B, exclusive of Parcel A, but through inadvertence, mistake, error and misprison, failed to omit Parcel A, and that the deed was executed and delivered under the mutual mistake and belief of the grantors and grantee that it described only Parcel B, exclusive of the area of said Parcel A; that on May 29, 1946, said Knapp and wife conveyed Parcel A to plaintiff, then being ignorant of the fact that said parcel was embraced within the description of their said deed to defendant, and that plaintiff likewise was and remained ignorant of said fact until on or about February 17, 1947. In addition to Bessie Owen, one H. A. Rheindorf and certain fictitious persons were named parties defendant, and as to all of the defendants it was alleged that they claimed some right, title or interest in or to Parcel A, but that such claims were without right. The prayer was that plaintiff's title to Parcel A be quieted, that the Knapp-Owen deed be reformed to conform to the alleged intention of the parties, for costs of suit and for general relief. Defendants, Owen and Rheindorf, answered separately by denials putting in issue all the material facts alleged by plaintiff as grounds for reformation of the deed. Following the answer, and as a part of a single document, there was also filed by Bessie Owen a cross-complaint. It was alleged in the cross-complaint that cross-complainant had purchased Parcel B from Knapp and wife for $8,000; that thereafter, while cross-complainant was the owner of the land, Knapp sold said Parcel A to plaintiff Alice R. Kennedy and made, executed and delivered to her a deed purporting to convey said Parcel A, which deed was duly recorded; that the Knapps and plaintiff well knew that cross-complainant was the owner of the property, and in the conveyance of the same to plaintiff they all acted maliciously, intending to vex and harass cross-complainant and to cloud her title; that cross-complainant's title thereby became doubtful, depreciated in value and unmarketable, to cross-complainant's damage in the sum of $1,500. The prayer of the combined answer and cross-complaint was that plaintiff take nothing by her action, that cross-complainant recover $1,500

damages as aforesaid, the sum of $1,000 as a reasonable expense of clearing the title, the sum of $5,000 exemplary damages, and a decree that Alice R. Kennedy has no right, title or interest in or to said Parcel A. The cross-complaint named as cross-defendants, Alice R. Kennedy, William J. Knapp and Louise Allen Knapp. Bessie Owen made a motion for an order bringing in the Knapps as defendants to the cross-complaint. This motion was denied; no summons was issued on the cross-complaint; and no process was served upon Knapp and wife. Plaintiff demurred generally and specially to the cross-complaint and made a motion to strike out the cross-complaint in its entirety, or, in the alternative, certain portions thereof. The demurrer was sustained without leave to amend and the motion to strike out the cross-complaint was granted.

The first point for consideration on the appeal is whether the three orders are, or any of them is, appealable. We conclude that no one of them is an appealable order. The orders sustaining the demurrer and striking out the cross-complaint operated to the same end; they eliminated as an issue to be tried the matter of alleged slander of defendant's title, leaving as the sole remaining issue the controversy respecting the alleged mistake in the deed to defendant. Neither order resulted in a judgment, nor had the effect of a judgment; neither is specified in section 963, Code of Civil Procedure as an order from which an appeal may be taken, and the rulings would be subject to review upon appeal by cross-complainant from the judgment that may be entered. These propositions are thoroughly established.

It has been held times without number that an appeal will not lie from an order sustaining a demurrer without leave to amend, but only from the resulting judgment. (2 Cal.Jur. 156.) Identical reasons exist for holding that an appeal will not lie from an order sustaining a demurrer to a cross-complaint without leave to amend. (*Gossman* v. *Gossman*, 74 Cal.App.2d 233 [168 P.2d 495] ; *Mortgage Guarantee Co.* v. *Lee*, 61 Cal.App.2d 367 [143 P.2d 98] ; *County of Humboldt* v. *Kay*, 57 Cal.App.2d 115 [134 P.2d 501].) Like the order sustaining the demurrer, the order striking out the cross-complaint was not a final adjudication as between plaintiff and defendant. As between them the orders would be reviewable on an appeal from the judgment. Neither order was appealable. (*Yandell* v. *City of Los Angeles*, 214 Cal. 234 [4 P.2d 947] ; *Pritchard* v. *King*, 104 Cal.App. 460

[285 P. 1086] ; *Merchants Nat. Bk.* v. *Clark-Parker Co.,* 97 Cal.App. 757 [276 P. 387].)

 Appellant does not point out wherein these authorities are not controlling as between herself and plaintiff, but she argues that a different rule applies as to Knapp and wife, who are not parties to the original action and whom she sought to bring in as cross-defendants. She cites *Howe* v. *Key System Transit,* 198 Cal. 525 [246 P. 39], and *County of Humboldt* v. *Kay,* 57 Cal.App.2d 115 [134 P.2d 501], in both of which cases orders striking out cross-complaints were held to be appealable for the reason that the parties to the cross-complaint were not identical with the parties to the original action and therefore the orders amounted to final adjudications between the cross-complainants and cross-defendants. The Howe case was distinguished in the Merchants National Bank and the Yandell cases, in the former of which it was pointed out that in determining whether an order striking out a cross-complaint is appealable, the controlling feature is whether it amounts to a final judgment. Here, William J. Knapp and Louise Allen Knapp were not parties to the action, were not served with process on the cross-complaint, and made no appearance. Obviously, none of the three orders adjudicated anything as between the cross-complainant and the Knapps.

Since we have before us only attempted appeals from nonappealable orders, any discussion as to the correctness of the orders would be dictum.

The appeals are dismissed as to each order specified in the notice of appeal.

Wood, J., and Vallée, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 15, 1948.