[Civ. No. 17329.   First Dist., Div. One.   July 11, 1957.]

JAMES D. WHALEY, Appellant, v. CHARLES BEEBE FOWLER et al., Defendants; SISTERS' HOSPITAL (a Corporation), Respondent.

Howard Magee, Philander Brooks Beadle and John T. Tully for Appellant.

Wyckoff, Parker, Boyle & Pope for Respondent.

BRAY, J.—In this action for alleged malpractice against defendant Sisters' Hospital, a corporation, and defendant physicians, the superior court entered an order dismissing the complaint as against said corporation and granted summary judgment in its favor. Plaintiff appeals therefrom.

### QUESTION PRESENTED

Were triable issues of fact presented by the affidavits and counter affidavits?

### RECORD

The complaint alleged that defendants and each of them so carelessly and negligently attended and treated plaintiff for compound fractures of the left tibia and fibula as to cause osteomyelitis to develop in plaintiff's left leg, and

that as a proximate result of said treatment plaintiff suffered the amputation of that leg below the knee. Defendant hospital's answer denied the material allegations of the complaint. Defendant hospital filed a motion for order dismissing the complaint and for summary judgment pursuant to section 437c, Code of Civil Procedure, on the ground that the action had no merit. Some 16 affidavits used in another proceeding were filed by reference in support of the motion. Two counter affidavits were filed.

### Issues of Fact

█ In a proceeding under section 437c, Code of Civil Procedure, issue finding rather than issue determination is the pivot upon which the summary judgment law turns. (*Poochigian* v. *Layne,* 120 Cal.App.2d 757, 760 [261 P.2d 738] ; see also *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555-556 [122 P.2d 264].) █ Whether an issue of fact exists is to be determined from the affidavits which have been filed. (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464] ; *Low* v. *Woodward Oil Co., Ltd.,* 133 Cal. App.2d 116, 118, 121 [283 P.2d 720] ; *McComsey* v. *Leaf,* 36 Cal.App.2d 132 [97 P.2d 242].) █ If any doubt exists whether summary judgment should be granted, it should be resolved against the moving party. (*Travelers Indemnity Co.* v. *McIntosh,* 112 Cal.App.2d 177 [245 P.2d 1065].)

With these rules in mind let us examine the affidavits, first, those of defendant hospital, the moving party. The administrator and medical record custodian of the hospital averred that its records accurately recorded the treatment given patients, factual and medical information concerning their condition, any incident or occurrence affecting the patient's condition, and any accidental event occurring in connection with the patient's hospitalization and treatment. The record of the hospitalization and treatment of plaintiff contains no report or reference to any accidental occurrence or event affecting his physical welfare or condition. It is the practice to report any such incident to the administrator and none concerning plaintiff has been received.

Norma Gintert, graduate and registered nurse, surgical nurse, assisted defendant Fowler in surgical procedures upon plaintiff during the latter's treatment at the hospital on four different occasions. She has had four and a half years training and experience in surgical nursing procedure and is familiar with the standard of practice in surgical nursing

procedure in the Santa Cruz area. (The hospital is located in Santa Cruz.) Her actions and those of the other nurses assisting Dr. Fowler at these operations were in conformity with the standard of practice in the vicinity. No accident or injury occurred to the patient during any of these operations. At no time has she been employed by Dr. Fowler. He is not employed by the hospital but is an independent orthopedic surgeon accredited to the hospital. A similar affidavit was made by the "surgical supervisor and circulating for operative procedures" nurse, who was present at each of the operations. Twelve registered nurses made affidavits to the effect that they cared for plaintiff as floor nurses during their respective tours of duty while he was in the hospital. They administered drugs, medicines and treatment prescribed by Dr. Fowler, following orders directly. While under their care no accident or injury occurred which directly or indirectly affected plaintiff or his condition. Each is familiar with the standards of nursing practice in the area. The nursing care administered by the particular affiant and by the other nurses when observed by the affiant was in accordance with the standard practice. None of the affiants had ever been employed by either Dr. Jacobson or Dr. Fowler. Each nurse followed the specific orders of these doctors in respect to prescribed care and treatment of plaintiff, but in other matters followed the standard of nursing practiced in the area and the instructions and orders of the hospital.

Plaintiff filed two counteraffidavits. ■■■ The affidavit of plaintiff's attorney states that he is familiar with the facts of the action, and if sworn as a witness could testify thereto; that he has studied the hospital records and charts of plaintiff in connection with the accident described in the complaint; that he took the deposition of defendant Fowler; that defendant hospital is sued as a defendant because the negligence of its agents or employees caused plaintiff's personal injuries; that an infection developed in plaintiff's left leg while he was a patient at the hospital; that said infection was uncontrolled; that the facts established by the hospital records and Fowler deposition disclose that the hospital is jointly negligent with defendant Fowler.

Obviously, this affidavit states no facts, merely hearsay and conclusions of law. Neither the hospital records nor the deposition of defendant Fowler was before the court. Said affidavit is of no value in determining whether there were

issuable questions of *fact*. (See *Low* v. *Woodward Oil Co., Ltd., supra*, 133 Cal.App.2d 116, 121.)

Plaintiff's affidavit, after stating that the hospital is sued because of the negligence of its agents or employees that proximately contributed to plaintiff's injuries, states that he was a patient at the hospital from January 12, 1954, to September 28; that during said period an infection developed in his left leg; that it was uncontrolled and that as a direct result thereof, it was necessary to amputate his leg; that the agents and/or employees of the hospital were careless and negligent in treatment of him in that said infection remained uncontrolled, and in that they failed to take necessary preventive measures to control said infection.

Taking the affidavits together it appears that defendant Fowler performed certain operational procedures in an open reduction and internal fixation of plaintiff's leg and thereafter removed a plate therefrom. The nurses who took care of plaintiff at the operations and thereafter, state that no accident or injury occurred and that all nursing procedures were in accordance with the standard of nursing procedure in the area. (The test of malpractice is whether the services were not so performed. See *Sinz* v. *Owens*, 33 Cal.2d 749, 753 [205 P.2d 3, 8 A.L.R.2d 757].)

In *McComsey* v. *Leaf, supra*, 36 Cal.App.2d 132, the court reviews a number of authorities and determines that the rule on motions for summary judgments is that counter-affidavits may state ultimate facts and conclusions of law and need not be composed wholly of evidentiary facts, and that to warrant a summary judgment there must be a failure on the part of the party defending against the motion to satisfy the court that there is any basis for his claim. See also *Travelers Indemnity Co.* v. *McIntosh, supra*, 112 Cal. App.2d 177, 182, where the court, referring to the summary judgment statute, said: "Because of the very drastic nature of the statute the power given thereby should be used with caution." Concerning conclusions of fact and law in counter-affidavits the court in *Eagle Oil & Ref. Co.* v. *Prentice, supra*, 19 Cal.2d 553, 561, said: "Plaintiff asserts that defendant's affidavits contain nothing but conclusions of fact and law and are thus insufficient. As we have seen it is not necessary that the averments be rigidly restricted to evidentiary matter. It may be that some of the allegations or statements are somewhat in the nature of conclusions, but we are satisfied that facts within the knowledge of the affiants and to which they

are competent to testify, are set forth with sufficient particularity, and from which it appears that a bona fide defense to the action exists. This is especially true when we are mindful of the rule of liberal construction applicable to cases of this character.''

■ With these rules in mind let us examine plaintiff's affidavit. First, there is the averment that plaintiff's injuries were due to the hospital's negligence in not controlling the infection.* This, in view of the authorities above cited, raises an issue of fact. Secondly, plaintiff avers as facts that an infection developed and that it was uncontrolled. Even a layman can testify to the fact that an infection developed in a member of his body and that it was uncontrolled. ■ ''Witnesses of common experience from ordinary observation and obvious facts may testify as to the existence of a physical . . . condition . . .'' (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 47 Cal.App.2d 494, 500 [118 P.2d 334].) It must be remembered that on this type of motion the case is not to be tried. The sole question to be determined is whether or not there are issuable questions of fact.

■ Plaintiff says that the infection in his leg remained uncontrolled and was the cause of the amputation. Defendant's affidavits did not deny that the infection was the cause of the amputation, and thereby it would appear that it was uncontrolled. The real issue is whether that fact was due to negligence of the nurses or any of them as the hospital's liability would only arise in such case.† The nurses' affidavits categorically state that whatever they did was in accordance with good practice. Plaintiff, a layman, says, in effect, that it was not—it was negligently done. Defendant concedes that conclusions of fact and of law may be considered upon a motion for summary judgment, but contends that the conclusion of fact, negligence, stated by plaintiff cannot be considered because as a layman he is not competent to come to that conclusion. In view of the admitted facts here, namely, the fact that the infection remained uncontrolled and necessitated the amputation, plus plaintiff's observation of the care or lack of care given him, together with the rule that his

---

*Neither in the complaint nor the affidavits does plaintiff charge that any negligence of the hospital *caused* the infection. It is in the failure to *control* it that the charge of negligence lies.

†There is nothing in plaintiff's affidavits to justify a conclusion that the doctors were agents of the hospital. The nurses' affidavits deny that they were.

affidavit must be liberally construed (see *McComsey* v. *Leaf, supra*, 36 Cal.App.2d 132, 140), we feel that plaintiff's conclusion, although a layman's may be considered upon this type of motion. As to the basic question, negligence, we feel " '. . . *It never could have been, or in justice ought to have been the intention of those who framed our Practice Act and rules thereunder that the decision of such a serious question as this should be flung off on a motion for summary judgment. . . .*' " (*McComsey* v. *Leaf, supra*, at p. 137.) ▇ It must be remembered that on this type of motion plaintiff is not required to prove defendant's negligence. He is only required to show that an issue of fact exists. ▇ "The summary judgment statute was not intended nor can it be used as a substitute for existing methods in the trial of issues of fact." If there is any "doubt as to the propriety of the motion, courts should, without hesitancy, deny the same." (*Travelers Indemnity Co.* v. *McIntosh*, 112 Cal.App.2d 177, 182 [245 P.2d 1065]; see also *Werner* v. *Sargeant*, 121 Cal.App.2d 833, 837 [264 P.2d 217].)

In view of our decision, we deem it unnecessary to determine whether or not the facts alleged in plaintiff's affidavits raise the issue of res ipsa loquitur.

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.