[Civ. No. 6299.   Fourth Dist.   Jan. 19, 1960.]

GEORGE W. STIRTON et al., Appellants, v. NICK PASTOR et al., Respondents.

George W. Stirton, in pro. per., for Appellants.

Leonard A. Bock for Respondents.

MONROE, J. pro tem.*—The plaintiffs and appellants brought an action to vacate and set aside a sale of real estate by trustee pursuant to power of sale in a deed of trust. Answer was filed and application for a summary judgment was made, supported by affidavits. The motion for summary judgment having been granted and the action dismissed, this appeal followed.

The brief for the appellants was prepared by plaintiff George W. Stirton individually, and it is somewhat difficult to ascertain therefrom the exact basis of appeal. For that reason, it has been necessary for the court to review the record to ascertain whether there has been sufficient compliance with the statutory requirements to justify the granting of the summary judgment.

It is held that "in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. If it finds one, it is then powerless to proceed further, but must allow such issue to be tried by a jury unless a jury trial is waived." (*Walsh* v. *Walsh*, 18 Cal.2d 439, 441 [116 P.2d 62].) See also *Desny* v. *Wilder*, 46 Cal.2d 715 [299 P.2d 257].

It is to be noted that plaintiffs' complaint contains the following allegation:

"That the said note and said Deed of Trust were contingent upon delivery to plaintiffs by the said NICK PASTOR of certain articles of furniture and equipment located at 496 North Palm Canyon Drive, Palm Springs, California; that the said possession of the said articles was not delivered to plaintiffs,

---

*Assigned by Chairman of Judicial Council.

and plaintiffs, therefore, did not make payment to the defendant, NICK PASTOR, of the said sum of $600.00.''

█ In a declaration filed by plaintiff George W. Stirton, in opposition to the motion for summary judgment, he stated that "said delivery was expressly contingent upon delivery of the personal property described in the Mortgage of Chattels . . . free and clear of all claims of lien or encumbrances of every nature. That on the same afternoon . . . I attempted to take possession of said personal property but was refused authority to do so . . .'' Contrary declarations and affidavits are made by counsel who opposed Mr. Stirton in prior litigation and by counsel who represented him. It was argued at the hearing of the motion for summary judgment that Mr. Stirton's statement was false and frivolous; but that was not a subject of investigation at the hearing of motion for summary judgment.

█ It is the general rule that if a delivery of mortgage or trust deed is upon conditions, there is no effective delivery and no lien is created unless the conditions are fulfilled. (59 C.J.S. 175, § 133.) █ It is recognized in California that where a foreclosure sale is had pursuant to power of sale contained in a trust deed, the sale may be attacked upon proper showing in an equitable action and the courts will carefully scrutinize the proceedings. (*Py* v. *Pleitner,* 70 Cal.App.2d 576 [161 P.2d 393].)

The question whether the allegations made by the plaintiff in his declaration in opposition to the motion for summary judgment were in good faith or were true is not a matter for consideration by this court. There appearing to be such issue of fact to be tried, the motion should have been denied and the case set for trial. It may be that it will develop upon trial that the plaintiffs are estopped to deny the consideration and delivery of the trust deed. That, however, is a matter to be determined upon the trial.

Judgment reversed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied February 16, 1960.