[Civ. No. 25303. Second Dist., Div. Two. Dec. 28, 1961.]

COUNTY OF LOS ANGELES, Plaintiff, v. SAMUEL STONE et al., Defendants and Respondents; DIX BOX COMPANY, Defendant and Appellant.

Jerome Weber for Defendant and Appellant.

Beardsley, Hufstedler & Kemble and Seth M. Hufstedler for Defendants and Respondents.

HERNDON, J.—This action was filed by the County of Los Angeles to condemn a parcel of real property. Named as defendants are (a) respondents Samuel Stone and Rose Stone, who are the owners in fee of the parcel involved; (b) appellant Dix Box Company, a corporation, the lessee of a portion of said parcel; (c) the Livingston Rock and Gravel

Company, Inc., the lessee of the remaining portion of the parcel; and (d) certain railroads owning easements thereon.

Appellant filed its answer alleging, *inter alia,* that it is the lessee of a particularly described portion of the property under a certain written lease; that respondents are the owners and lessors of said parcel; and that the fair market value of appellant's leasehold interest is the sum of $75,000. The prayer of the answer seeks judgment against the county for an award of just compensation and other incidental relief.

Thereafter, respondents filed a notice of motion for an order striking appellant's answer and for summary judgment in favor of respondents and against appellant ''with respect to the right of Dix Box Co. to participate in any award or judgment of condemnation in the above entitled case.'' This motion was supported by the affidavit of Samuel Stone which incorporated the written lease and quoted paragraph 16 thereof, reading as follows:

''In the event of the taking of any portion of said premises by eminent domain, the rental herein specified to be paid shall be ratably reduced according to the area of the building upon the leased premises which is taken, the Lessee shall be entitled to no other or further consideration by reason of such taking, and any severance damages occasioned by the taking of any portion of the leased premises and any damages to any structures erected thereon shall be paid to and received by Lessor, and Lessee shall have no right therein or thereto or to any part thereof, and Lessee hereby relinquishes to Lessor any rights to any such damages; provided, however, that if the remaining portion of said building, after deducting the portion taken by said eminent domain proceedings is insufficient for the conduct of Lessee's business, then and in that event Lessee may at its option cancel the lease.''

The theory of the motion is indicated by the following from the points and authorities filed in support of the motion: ''Moving parties contend that paragraph sixteen is clear and unambiguous, and by its terms Lessee shall be entitled to no portion of any condemnation award. If this contention of moving parties is correct, there is no issue of fact to be determined as between these two parties, and the answer of Dix Box Co. should be stricken, and summary judgment in this respect entered in favor of moving parties.''

Appellant filed points and authorities in opposition to the motion, contending that the above quoted paragraph of the lease is uncertain and ambiguous ''in that it cannot be deter-

mined therefrom what occurs to lessee's rights under said lease upon the condemnation and taking of the whole of said property.''

Appellant also filed in opposition to the motion an affidavit in which the affiant stated: (1) that he was a duly licensed real estate salesman and that he handled the negotiations for the leasing of the parcel of real property here involved; (2) that during the negotiations affiant represented both appellant and respondents with their full knowledge, consent and permission; (3) that prior to the execution of said lease, affiant, in separate conversations, discussed the various provisions of the lease with both lessors and lessee and the meaning and interpretation thereof, including the meaning and interpretation of paragraph 16; (4) ''that at the conclusion of said separate discussions, it was understood and agreed by Benjamin Dix, president of the Dix Box Co., a corporation, that the meaning of paragraph 16 protected the lessee if and in the event parts or portions of said property were taken by way of condemnation proceedings; it was further understood by Benjamin Dix . . . that paragraph 16 in no way affected lessee's right . . . in the event the entire leased property was taken in such eminent domain proceedings''; (5) that it was further understood between lessors and lessee that paragraph 16 referred only to the rights of the parties in the event of the taking of a portion of the property.

On June 29, 1960, the trial court entered its minute order granting respondents' motion for summary judgment and affirmatively providing: ''*Answer of Dix Box Co. is ordered stricken.*'' Appellant filed its notice of appeal from the foregoing order.

We are met at the threshold with the question whether the order here appealed from is an appealable order. At oral argument, counsel for both appellant and respondents concurred in expressing their desire that this appeal be entertained and determined on its merits. Counsel for respondents offered to waive any question as to the appealability of the order and to stipulate that the notice of appeal be considered a notice of appeal from the judgment which was subsequently entered. Said judgment, however, is not included in the record presently before us. The parties also expressly concurred in the following statements of fact:

(1) That the order striking appellant's answer and granting respondents' motion for summary judgment was regarded and treated by all parties as an effective and binding adjudi-

cation that appellant had no right to participate in any award of damages; (2) that said adjudication was carried into the interlocutory and final judgments of condemnation and that appellant was accorded no opportunity further to litigate its claim in the trial court; (3) that all parties to the action, including appellant, had entered into a written stipulation fixing the total amount of the award of damages and providing for the distribution of said award among the defendants other than appellant; (4) that said stipulation further provided that such distribution would be without prejudice to appellant's present appeal, and that in the event of an ultimate determination that appellant was entitled to share in the award of damages, such award to appellant might be in the form of a personal judgment against respondents; and (5) that the trial court by its judgment had expressly retained jurisdiction to hear and determine any issues with respect to appellant's right to participate in said condemnation award that might require further adjudication as a result of the decision on this appeal.

In several cases it has been held that a mere order granting a motion for a summary judgment is not appealable. (*Martelli* v. *Pollock*, 162 Cal.App.2d 655, 661 [328 P.2d 795]; *Shea* v. *Leonis*, 29 Cal.App.2d 184, 190 [84 P.2d 277]; *Bank of America* v. *Oil Well Supply Co.*, 12 Cal.App.2d 265, 271 [55 P.2d 885] and *Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal. App.2d Supp. 745, 754 [68 P.2d 322].) However, in each of these cases it appeared that a formal judgment had been entered immediately following the order granting the motion, and that such judgment constituted a complete adjudication of all issues and determined the rights of all parties to the action. Thus, it was clear in those cases that the order was not intended to operate as the final disposition of the case as to any party.

In the instant case, however, the parties to the appeal agree that the order striking appellant's answer and granting a summary judgment against it amounted to a final adjudication as between appellant and respondents, and was regarded and treated as a final disposition of the action as to appellant.

We have concluded that, under the circumstances of this case, the order here presented for review properly should be regarded as a "final judgment" within the meaning of section 963 of the Code of Civil Procedure. This conclusion rests upon the principles enunciated by our Supreme Court in *Herrscher* v. *Herrscher*, 41 Cal.2d 300 [259 P.2d 901], *Wilson*

v. *Sharp,* 42 Cal.2d 675 [268 P.2d 1062] and *McClearen* v. *Superior Court,* 45 Cal.2d 852, 855 [291 P.2d 449]. In *Herrscher* v. *Herrscher, supra,* the court held that an order granting a motion to strike a cross-complaint was appealable, stating the applicable principles as follows:

"An order granting a motion to strike a cross-complaint from the files is equivalent to an order dismissing the cross-complaint. (*Howe* v. *Key System Transit Co.,* 198 Cal. 525 [246 P. 39].) Where the parties to the cross-complaint are not identical with the parties to the original action, the order amounts to a final adjudication between the cross-complainants and cross-defendants and is appealable. (*Sjoberg* v. *Hastorf,* 33 Cal.2d 116 [199 P.2d 668]; *Kennedy* v. *Owen,* 85 Cal.App. 2d 517, 520 [193 P.2d 141].) It has long been the rule in this state that an order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectually as would any formal judgment. (*Southern Pac. Co.* v. *Willett,* 216 Cal. 387 [14 P.2d 526].)" (Pp. 303-304.)

In *Wilson* v. *Sharp, supra,* plaintiff appealed from an order striking the second count of his amended complaint. It was only in this count that plaintiff attempted to state a cause of action against the county counsel. In holding the order appealable, the court stated (p. 677): "The order granting the motion to strike operated to remove from the case the only cause of action alleged against the county counsel and to leave no issues to be determined between him and plaintiff, and it was appealable as a 'final judgment' within the meaning of section 963 of the Code of Civil Procedure. [Citations.]"

Turning to the merits of the appeal, the contentions advanced by appellant are these: (1) that the trial court exceeded its jurisdiction in ordering appellant's answer stricken and in granting a summary judgment upon the motion of codefendants in an eminent domain case; and (2) that the order under review is erroneous because the affidavits filed by the parties show that appellant's claim of right to recover damages for the taking of its leasehold interest presents triable issues of fact.

Since, for the reasons hereinafter stated, we have decided that appellant is correct in contending that its claim of right to participate in the award of damages presents triable issues of fact, we shall assume, without deciding, that the trial court did not exceed its *jurisdiction* in granting respondents' mo-

tion. It is elementary and well settled that it is erroneous to grant a motion for summary judgment where a triable issue of fact is presented. (*Gorham* v. *Taylor*, 176 Cal.App.2d 600, 602 [1 Cal.Rptr. 546].)  ██  As stated in *Whaley* v. *Fowler*, 152 Cal.App.2d 379, 381, 383 [313 P.2d 97] :

"In a proceeding under section 437c, Code of Civil Procedure, issue finding rather than issue determination is the pivot upon which the summary judgment law turns. (*Poochigian* v. *Layne*, 120 Cal.App.2d 757, 760 [261 P.2d 738] ; see also *Eagle Oil & Ref. Co.* v. *Prentice*, 19 Cal.2d 553, 555-556 [122 P.2d 264].)  ██  Whether an issue of fact exists is to be determined from the affidavits which have been filed. (*Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 562 [277 P.2d 464] ; *Low* v. *Woodward Oil Co., Ltd.*, 133 Cal.App.2d 116, 118, 121 [283 P.2d 720] ; *McComsey* v. *Leaf*, 36 Cal.App.2d 132 [97 P.2d 242].)  ██  If any doubt exists whether summary judgment should be granted, it should be resolved against the moving party. (*Travelers Indemnity Co.* v. *McIntosh*, 112 Cal.App.2d 177 [245 P.2d 1065].) . . .

"In *McComsey* v. *Leaf, supra*, 36 Cal.App.2d 132, the court reviews a number of authorities and determines that the rule on motions for summary judgments is that counteraffidavits may state ultimate facts and conclusions of law and need not be composed wholly of evidentiary facts, and that to warrant a summary judgment there must be a failure on the part of the party defending against the motion to satisfy the court that there is any basis for his claim."

██  Respondents' claim of right to a summary judgment rests entirely upon the contention that the provisions of paragraph 16 of the lease are clear and unambiguous and, as a matter of law, must be construed to mean that appellant is not entitled to participate in any award of damages for the taking of the leased property by condemnation. Appellant, on the other hand, contends that said provisions are uncertain and ambiguous in that they relate only to the rights of the parties in the event of the taking of a *portion* of the leased premises, and were not intended to apply in the event of the taking of the *whole* thereof.

We have concluded that under the principles stated in *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.*, 46 Cal.2d 517, 524 [297 P.2d 428] the provisions of paragraph 16 must be regarded as ambiguous because the language employed is fairly susceptible of either of the constructions contended for by the opposing parties without doing violence to its usual

and ordinary import. ▮ The last-cited decision quotes with approval the following from *Walsh* v. *Walsh*, 18 Cal.2d 439, 443-444 [116 P.2d 62]:

"When a contract is in any of its terms or provisions ambiguous or uncertain, 'it is primarily the duty of the trial court to construe it *after a full opportunity afforded all the parties in the case to produce evidence of the facts, circumstances and conditions surrounding its execution and the conduct of the parties relative thereto.*' (*Barlow* v. *Frink*, 171 Cal. 165, 172 [152 P. 290].) [Italics added.] ▮ The governing principle as to when parol testimony may be introduced to explain the language of a contract or to ascertain the intention of the parties is clearly set forth in *Kenney* v. *Los Feliz Investment Co., Ltd.*, 121 Cal.App. 378, 386, 387 [9 P.2d 225], as follows: 'It is a settled rule that when the language employed is fairly susceptible of either one of two constructions contended for without doing violence to its usual and ordinary import an ambiguity arises where extrinsic evidence may be resorted to for the purpose of explaining the intention of the parties, and that for this purpose conversations between and declarations of the parties during the negotiations at and before the execution of the contract may be shown (*Balfour* v. *Fresno C. & I. Co.*, 109 Cal. 221 [41 P. 876]).' "

▮ When the meaning of the language of a contract is uncertain or doubtful and parol evidence is introduced in aid of its interpretation, the question of its meaning is one of fact. (*Walsh* v. *Walsh, supra*, p. 444; *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co., supra*, p. 527.)

The order under review is reversed.

Fox, P. J., concurred.

ASHBURN, J., concurring.—I agree with all that Mr. Justice Herndon has said in his opinion (except as to jurisdiction), but I would go further and would hold (1) that the motion for summary judgment in this case is not authorized by the statute and the order granting it is void for want of jurisdiction; (2) that the provisions of paragraph 16 of the lease are unambiguous in the true sense, though ambiguous in the synthetic sense of *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.*, 46 Cal.2d 517, 524 [297 P.2d 428]; that said paragraph says plainly that its provisions are confined to the taking of only a part of the leased premises, not applicable to a condemnation of the whole.

Section 437c, Code of Civil Procedure, though now applicable to all kinds of actions, does not extend in terms to a motion of one defendant directed against another defendant. We have no counterclaim or cross-complaint here. The motion for summary judgment is a special statutory proceeding and confined to the limits charted by the terms of the statute. (*Cf. Werner* v. *Sargeant,* 121 Cal.App.2d 833, 837 [264 P.2d 217].) When those limits are passed the court exceeds its jurisdiction and the order is void. As such, assuming its finality under the authorities cited by Mr. Justice Herndon, it is reversible. (3 Cal.Jur.2d § 69, p. 511.)

Paragraph 16 of the lease plainly is limited to partial condemnations, in my opinion. First it refers to the taking "of any portion"; next it provides for a ratable reduction in rent; it says the lessor shall receive "any severance damages occasioned by the taking of any portion of the leased premises." Finally, it provides that "if the remaining portion of said building" after deducting "the portion taken" is insufficient for the conduct of lessee's business, then the lessee shall have an option to cancel the lease. As I see it not a word or phrase of this paragraph recognizes a right of the lessor to have the entire award in the event of a complete taking; nor does this paragraph in any way attempt to provide for the event of a condemnation of the entire property; that is left to the law which gives the lessee the value of his lease out of the total award and to the lessor the balance thereof. (See 16 Cal.L.Rev. 48; 18 Cal.L.Rev. 31, 37.) The well-known purpose of such a provision as paragraph 16 is to protect the tenant against a taking of a portion of the premises without any abatement of a portion of the rent (see, *Sacramento etc. Drainage Dist.* v. *Truslow,* 125 Cal.App.2d 478, 485-486 [270 P.2d 928, 271 P.2d 930]).

In my view the order for summary judgment should be reversed because the lease plainly contemplates that the lessee must be compensated in the event of the taking of the entire property (this ground in addition to those stated by Mr. Justice Herndon). But if that be not so, the concept of ambiguity expounded in the *Beneficial etc. Ins. Co.* case, *supra,* requires that a fact issue be determined, as Mr. Justice Herndon has pointed out.

The petition of defendants and respondents for a hearing by the Supreme Court was denied February 21, 1962. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.