[Civ. No. 20996.   First Dist., Div. One.   Sept. 20, 1963.]

DANIEL SAPORTA et al., Plaintiffs and Appellants, v. JOHN J. BARBAGELATA et al., Defendants and Respondents.

Robert J. Cort and Joseph D. Taylor for Plaintiffs and Appellants.

Barbagelata, Zief & Carmazzi and Robert D. Barbagelata for Defendants and Respondents.

MOLINARI, J.—This is an appeal by plaintiffs from a summary judgment in favor of two of the six defendants in the action.

## Question Presented

Was the trial court justified in granting the motion for a summary judgment?

## Statement of the Case

The action in the instant case is one for rescission on the ground of fraud. The action is brought against two sellers of real property, a real estate broker, a real estate agent, an exterminator company, and a lumber company. Plaintiffs allege in their complaint that they were the purchasers of certain real property, improved with a house, owned by defendants Otto and Marie Weber and that they purchased said property through defendant real estate broker, John Barbagelata, and his agent, defendant Robert Dolman. The gist of the cause of action of the complaint against these last-mentioned defendants is that plaintiffs were defrauded by said defendants by reason of the concealment and nondisclosure that said house contained an extensive termite and fungus infestation, and by certain representations that said house was not so infested. After issue was joined, Barbagelata and Dolman made a motion for summary judgment. The motion was granted. This appeal is from the judgment entered pursuant to the order granting the motion.

## The Motion for Summary Judgment

The motion for summary judgment was supported by the declaration of Dolman. Two declarations in opposition to the motion were presented by plaintiffs, one by plaintiff Daniel Saporta and the other by one of his attorneys, Joseph D. Taylor. In addition to these declarations it was stipulated by the parties to the motion, at the time it was heard, that the deposition of Daniel Saporta was to be considered by the trial court in opposition to the motion.

Before proceeding to a discussion of the merits of the affidavits and declarations before the court below in connection with the motion, we shall reiterate certain well-established legal principles applicable to summary judgments.

■ The purpose of the summary judgment procedure is to discover, through the media of affidavits, whether the parties possess evidence which demands the analysis of trial. (*Burke v. Hibernia Bank*, 186 Cal.App.2d 739, 744 [9 Cal.Rptr. 890]; *Kramer v. Barnes*, 212 Cal.App.2d 440, 445 [27 Cal.Rptr. 895]; Code Civ. Proc., § 437c.) ■ The object of the proceeding is to discover proof. (2 Witkin, Cal. Procedure, pp. 1711-1715.) ■ The affidavits of the moving party are strictly construed and those of his opponent liberally construed. (*Eagle Oil & Ref. Co. v. Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264]; *Snider v. Snider*, 200 Cal.App.2d 741, 748 [19 Cal.Rptr. 709].) ■ A summary judgment will stand if the supporting affidavits state facts sufficient to sustain a judgment and the counteraffidavits do not proffer competent and sufficient evidence to present a triable issue of fact. (*Burke v. Hibernia Bank, supra*, pp. 743-744; *Snider v. Snider, supra*, p. 748.) ■ In making this determination the respective affidavits are tested by certain applicable rules. The affidavit of the moving party must satisfy three requirements: (1) It must contain facts sufficient to entitle the moving party to a judgment, i.e., facts establishing every element necessary to sustain a judgment in his favor; (2) such facts must be set forth with particularity, i.e., all requisite evidentiary facts must be stated, and not the ultimate facts or conclusions of law; and (3) the affiant must show that if sworn as a witness he can testify competently to the evidentiary facts contained in the affidavit. (*Snider v. Snider, supra*, p. 748; *House v. Lala*, 180 Cal.App.2d 412, 416 [4 Cal.Rptr. 366]; *Kramer v. Barnes, supra*, p. 446.) ■ These requirements are applicable even though no counteraffidavit is filed, and also where the counteraffidavit is insufficient. (*Kramer v. Barnes, supra*, p. 446; *Goldstein v. Hoffman*, 213 Cal.App. 2d 803, 811 [29 Cal.Rptr. 334].) ■ The counteraffidavit in opposition to the motion for summary judgment, on the other hand, must meet the following requirements: (1) It must set forth facts with particularity; and (2) it must set forth facts within the personal knowledge of the affiant, to which, as the affidavit shall show affirmatively, the affiant can testify competently if called as a witness. (*Snider v. Snider, supra*, p. 750; Code Civ. Proc., § 437c.)

In the light of the rule of liberal construction applicable to affidavits in opposition to the motion for summary judgment, our Supreme Court has held that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and with regard to the requirement that the facts must be set forth "with particularity," has stated "that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts." (*Eagle Oil & Ref. Co.* v. *Prentice, supra,* p. 556; see *Buffalo Arms, Inc.* v. *Remler Co.,* 179 Cal.App.2d 700, 703 [4 Cal.Rptr. 103]; and see *McComsey* v. *Leaf,* 36 Cal.App.2d 132 [97 P.2d 242].) Accordingly, it has also been held that counteraffidavits may state ultimate facts and conclusions of law and need not be composed wholly of evidentiary facts. (*McComsey* v. *Leaf, supra; County of Los Angeles* v. *Stone,* 198 Cal.App.2d 640, 646 [18 Cal.Rptr. 72]; *Whaley* v. *Fowler,* 152 Cal.App.2d 379, 383 [313 P.2d 97].) ▊ It should be noted, however, that the rule of liberal construction does not go so far as to permit of a counteraffidavit which merely repeats the allegations of the pleadings or which contains no evidentiary facts at all. (See *Snider* v. *Snider, supra,* p. 753; and see 2 Witkin, Cal. Procedure, § 78 p. 1715.) ▊ It should also be noted that the use of depositions in support of, or in opposition to, a motion for summary judgment in conjunction with or in lieu of affidavits is proper. (*Kramer* v. *Barnes, supra,* p. 444; *Cosper* v. *Smith & Wesson Arms Co.,* 53 Cal.2d 77 [346 P.2d 409]; *Desny* v. *Wilder,* 46 Cal.2d 715 [299 P.2d 257]; *Nizuk* v. *Gorges,* 180 Cal.App.2d 699 [4 Cal.Rptr. 565].)

▊ We first apply the applicable rules to the affidavits of the moving parties. The declaration of Dolman in support of the motion declares: that he was employed as a real estate salesman by John Barbagelata; that during the early part of 1960, Otto and Marie Weber listed their home at 846 Faxon Avenue, San Francisco, with Barbagelata & Company for sale; that declarant at plaintiffs' request showed them the Weber home but that at no time did declarant make any statements indicating the lack or presence of termites or dry rot in said property; that plaintiffs offered to purchase the property which offer was subject to an inspection by a licensed pest control service; that declarant insisted that plaintiffs choose their own exterminator and deal directly with said service; that neither declarant nor Barbagelata had any dealings with any exterminator regarding the prem-

ises located at 846 Faxon Avenue; that at no time was declarant informed by the Webers of the probability of infestation of large areas in said premises; that at no time did declarant purport to act for or be the agent of plaintiffs, nor did he agree to select the points at which Rose Exterminator would drill the test holes; that at no time did declarant fail to disclose information known to him because at no time did he know of the large areas of infestation.

Applying the above rules, it is clear that Dolman's declaration sets forth facts which, if true, establish that plaintiffs' action is without merit as against Dolman and Barbagelata. While no affidavit or declaration was presented by Barbagelata, Dolman's declaration was sufficient to negate any liability on the part of Barbagelata. Plaintiffs' complaint does not allege any conduct or representations on the part of Barbagelata personally but seeks to fasten liability on him on the basis that Dolman was acting as his agent and employee. With respect to the conduct of Dolman, the complaint alleges in substance that he was informed by the owner of the property of the probability that infestation of large areas existed but that he did not disclose the same to plaintiffs; that Dolman agreed with plaintiffs to select the holes at which the exterminator company was to make tests, but that he directed such tests only at the places selected by the owner; that Dolman, because of his own knowledge, observation and experience, knew the location of the infestations, but failed to disclose them to plaintiffs; and that Dolman fraudulently concealed the locations of said infestation and caused the test holes to be made at locations which would not reveal extensive infestation. In the light of these allegations as to the fraud allegedly perpetrated by Dolman, the declaration by Dolman sets forth with sufficient particularity requisite evidentiary facts, which, if true, negate the allegations of the complaint and any liability of defendants Dolman and Barbagelata to plaintiffs. It appears from the declaration, moreover, that the facts are such that Dolman, if called as a witness, could competently testify thereto.[1]

Since Dolman's declaration states facts sufficient to entitle him and Barbagelata to a judgment, we must now consider whether the counteraffidavits proffer competent and sufficient evidence to present a triable issue of fact. ■■■ The

---

[1]The declaration states that the ''facts are within the personal knowledge of declarant,'' and that, ''[d]eclarant, if sworn as a witness, can testify competently thereto.''

declaration of plaintiff Daniel Saporta alleges as follows: that Robert Dolman told him that the house in question was '' 'termite proof' ''; that the owner, Weber, stated in the presence of Dolman that the house ''was 'built like a battle-ship' '' and that such statements led declarant to believe that the house had no termites; that declarant told Robert Dolman to secure Weber's permission to make test holes after Rose Exterminator Company's first report; that declarant inferred that Dolman gave permission to said company in detail as to the location of the test holes; that when Rose recommended additional testing Dolman told him that such additional testing was not necessary, and gave declarant to understand that there were no termites in addition to those found and discovered in the first inspection; that Dolman said to him '' 'The home is very clear,' '' which statement he understood to mean that there would be no other termites found other than as stated in the first report; that declarant is not proficient in the use of the English language and that he is not experienced in buying and selling real estate, but that Robert Dolman has considerable experience in this field and knows the dangers from termites; that he should know the signs of termites; that the declarant draws the inference that Dolman did know of the existence of greater infestation than was discovered by Rose; that one side of the house was covered with plywood while the rest of the house was stucco; that he knows of no reason for the plywood except to conceal something beneath; that a window in the house was nailed shut and a piece of metal covered a large portion of a door jamb; that he saw flying insects about the door and window which he believed to be flying ants, but which he now has learned were termites; that he infers from Dolman's greater experience and his activity in trying to close the deal before the second inspection that Dolman knew of the greater infestation than was discovered by Rose and concealed the same in order to make the sale. The said declaration of this plaintiff states that the facts therein stated are personally known to the declarant, and that, if sworn, he can competently testify thereto.

The declaration of Joseph D. Taylor, one of plaintiffs' attorneys, appears to be a method used to get certain documentary evidence before the court below in its consideration of the motion. It appears that the declaration had attached to it certain documents, among which were the deposit receipt on the sale of the house, the contract of sale, two

termite inspection reports given by Rose Exterminator Company, and a copy of an authorization to Rose to do certain work recommended in its report. The declaration of Taylor is not before us in its entirety, but only excerpts from it referring to certain parts of said documents alleged to be pertinent.[2] It is apparent that Taylor's declaration is not intended as an affidavit setting forth facts within his personal knowledge as the declaration does not show that he can testify competently to the matters therein contained if called as a witness. The purport of the declaration was to place before the trial court certain exhibits. It appears from the settled statement that these exhibits were considered by the trial judge in connection with the motion.[3] These exhibits, however, do not bear on the question whether there was an issue of fact to be tried. The meaning and effect of each instrument, and the relation of the parties to it, became a question of law to be decided by the court. ■ The applicable rule is stated thusly: Where there is no conflict as to the terms of a contract, and its provisions are not uncertain or ambiguous, its meaning and effect and the relation of the parties to it thereby created become a question of law to be decided by the court. (*Nizuk* v. *Gorges, supra,* 180 Cal. App.2d 699, 705; *Green* v. *Soule,* 145 Cal. 96, 100 [78 P. 337]; *Batt* v. *San Diego Sun Pub. Co., Ltd.,* 21 Cal.App.2d 429, 437 [69 P.2d 216]; *Robinson* v. *George,* 16 Cal.2d 238, 242-243 [105 P.2d 914].) ■ When the meaning of the language of a contract is uncertain or doubtful and parol evidence is introduced in aid of its interpretation, the question of its meaning is one of fact. (*County of Los Angeles* v. *Stone, supra,* 198 Cal.App.2d 640, 647; *Walsh* v. *Walsh,* 18 Cal.2d 439, 444 [116 P.2d 62]; *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.,* 46 Cal.2d 517, 527 [297 P.2d 428].) There is no contention made on this appeal, nor does such appear in the declaration in question, that the terms of these instruments are in conflict or that they are uncertain or ambiguous. ■ Our primary duty is to decide whether there is an issue of fact to be tried, and, if there is, the motion must be denied. (*Nizuk* v. *Gorges, supra,* p. 704; *Walsh* v. *Walsh, supra,* p. 441; *Eagle Oil & Ref. Co.* v. *Prentice, supra,* 19 Cal.2d

[2]This appeal is upon a settled statement in lieu of a clerk's and reporter's transcript.

[3]The settled statement contains a stipulation between the parties which states that it is "a true and correct statement of proceedings had in the above entitled action with respect to the Summary Judgment."

553, 555.) Accordingly, our inquiry is directed to whether the declaration of plaintiff Daniel Saporta and his deposition proffer competent and sufficient evidence to present a triable issue of fact. **[12b]** We are not, therefore, called upon to consider the terms of the documents in question because it is not contended that they are of themselves dispositive of the instant action.

Before proceeding to make the required determination, we must consider the significant portions of the deposition of Daniel Saporta. It should be here noted that the parties to the motion stipulated that the said deposition was to be considered by the trial court in connection with the motion. The record does not indicate whether it was to be considered in support of or in opposition to the motion. Apparently, it was intended to serve the purposes of both parties. In view of our conclusion that Dolman's declaration states facts sufficient to entitle him and Barbagelata to a judgment, we need not consider the effect of the deposition in support of the motion. ▮▮▮ We shall consider the portions thereof which contain facts in opposition to the motion. A reading of the portions of the deposition which have been made a part of the settled statement discloses the following: the deponent stated that Dolman told him certain supports in the building were termite-proof; in answer to the question whether Dolman mentioned that there were no termites in the house, deponent answered that Dolman "mentioned the termite proof"; deponent also stated that he chose the Rose Exterminator Company to make the termite inspection and that he asked Dolman to secure Weber's consent to make the wall test but that Weber did not want holes drilled in his home; and also deposed that at that time Dolman urged him to go ahead without the test holes because " 'the home is very clear.' " When asked if he personally knew if Dolman made any effort to conceal the dry rot or termite infestation in the building before the sale, the deponent answered "No."

Turning specifically to the declaration of plaintiff Daniel Saporta and his deposition, we find that, while they contain statements of ultimate fact and conclusions of law, sufficient evidentiary facts are stated to satisfy a trial court that there is basis for plaintiffs' claim against Dolman and Barbagelata within the meaning of the rule announced in *Eagle Oil & Ref. Co.* v. *Prentice, supra,* 19 Cal.2d 553, that "it is not necessary that the averments be rigidly restricted to evidentiary matter." (P. 561.) We are satisfied that the following facts

within the knowledge of the affiant Saporta and to which he is competent to testify, are set out with sufficient particularity, to wit: that Dolman told him the house and certain supports were " 'termite proof' "; that Dolman was present, and presumably said nothing, when Weber told affiant the house "was 'built like a battleship' "; Dolman's statement to affiant that the additional test holes recommended by Rose Exterminator Company were not necessary; and Dolman's statement to affiant that " ' the home is very clear.' " These facts, when coupled with the allegations and statements in the nature of conclusions which we have hereinabove set out, indicate that a bona fide cause of action exists. ▮ And while it appears that there are some conflicts between Saporta's declaration and his deposition, the reconciling of these conflicts and Saporta's credibility were not to be passed upon in the motion for summary judgment. These circumstances, as well as the truth of the facts asserted, were for the trier of fact upon the trial of the cause.

▮ We are also satisfied that, while no affidavit was presented by the other plaintiff, Allegra Saporta, Daniel Saporta's declaration and deposition inure to her benefit. Dolman's own declaration affirmatively states that Allegra is the wife of Daniel; that he dealt with both of them in the sale of the property in question; and that they jointly made an offer to purchase the property subject to an inspection by a licensed pest control and exterminator service. Moreover, it is conceded by Dolman and Barbagelata, in their brief, that both plaintiffs were the purchasers of the said property.

▮ The principles controlling the conduct of a real estate agent or broker in the sale of real estate are well established in this state. He is not only liable to a buyer for his affirmative and intentional misrepresentations to a buyer, but he is also liable for mere nondisclosure to the buyer of defects known to him and unknown and unobservable by the buyer. (*Lingsch* v. *Savage,* 213 Cal.App.2d 729, 736 [29 Cal.Rptr. 201]; *Crawford* v. *Nastos,* 182 Cal.App.2d 659, 665 [6 Cal. Rptr. 425]; *Rothstein* v. *Janss Investment Corp.,* 45 Cal.App. 2d 64, 73 [113 P.2d 465]; *Rogers* v. *Warden,* 20 Cal.2d 286, 289 [125 P.2d 7].) ▮ The underlying settled rule is that every person connected with a fraud is liable for the full amount of the damages and the wrongdoers, if any, are jointly and severally liable. (*Crawford* v. *Nastos, supra,* p. 665; *Swasey* v. *de L'Etanche,* 17 Cal.App.2d 713, 718 [62 P.2d 753]; *Ross* v. *George Pepperdine Foundation,* 174 Cal,

App.2d 135, 141-142 [344 P.2d 368].) ██ Whether a matter not disclosed by a real estate broker or agent is of sufficient materiality to affect the desirability or value of the property sold, and thus make him liable for fraudulent nondisclosure, depends upon the facts of each case. (*Lingsch* v. *Savage, supra,* p. 737.) In the case at bench we have allegations which present triable issues of fact tendered not only on the basis of positive misstatements and misrepresentations of fact allegedly made by Dolman, but also the alleged suppression and nondisclosure of facts known to him and unknown and unobservable by plaintiffs.

The argument of Dolman and Barbagelata that the summary judgment in their favor must stand because plaintiffs have not stated in their counteraffidavits sufficient facts to state a cause of action is without merit. ██ As we have pointed out above, the function of the counteraffidavit is merely to raise triable issues of fact. Its function is not to test pleadings. It was not incumbent upon plaintiffs, in resisting the motion, to establish all of the facts necessary to establish their cause of action. If they presented *at least one* issue of fact, the trial court was powerless to proceed further on the motion, but was required to allow such issue to be tried. (*Stirton* v. *Pastor,* 177 Cal.App.2d 232, 233 [2 Cal. Rptr. 135]; *Walsh* v. *Walsh, supra,* 18 Cal.2d 439, 441; see also *Desny* v. *Wilder, supra,* 46 Cal.2d 715, 725-726.) As pointed out above, we have triable issues of fact on the issues of misrepresentation and nondisclosure. We also have facts predicating reliance in Saporta's statement that he is not familiar with real estate or termites and that Dolman is, and the further statement that his complete inspection was hampered by Dolman. ██ It may well be that none of these facts can be proved by plaintiffs. That, however, is a matter which is to be determined upon the trial of the action.

In view of the conclusion herein reached by us that the motion for summary judgment should not have been granted, we need not discuss plaintiffs' contention that the trial court erred in entering a summary judgment in favor of less than all defendants. ██ Note should be taken, however, of the holding in *Ross* v. *George Pepperdine Foundation, supra,* 174 Cal.App.2d 135, that, where a case is a proper one for a several judgment, a final judgment disposing of the case as to one of several defendants by way of a summary judgment

proceeding does not prevent the court from proceeding against the other defendants.

The judgment is reversed.

Bray, P. J., and Sullivan, J., concurred.

A petition for a rehearing was denied October 9, 1963, and respondents' petition for a hearing by the Supreme Court was denied November 13, 1963.