[Civ. No. 9653. First Appellate District, Division One.—January 20, 1936.]

JACK WALKER, a Minor, etc., Respondent, v. FRED NELSON et al., Appellants.

R. G. Partridge and Ralph E. Bancroft for Appellants.

W. A. Lahanier for Respondent.

McNUTT, J., *pro tem.*—Plaintiff sued defendants Fred Nelson and N. J. Nelson (as John Doe) for damages for personal injuries alleged to have been caused him by an automobile while it was being negligently operated by Fred Nelson with the permission of the owner N. J. Nelson (John Doe). A jury returned a verdict of $3,250 which the court reduced to $2,000 and plaintiff filing partial satisfaction defendants appealed from the judgment entered on verdict after denial of motion for new trial.

Before taking up and answering *seriatim* the six questions which appellants contend are involved and illustrate alleged error of the trial court, a word as to the background of the case is necessary that the answers to these questions may be better understood.

The plaintiff was driving one car, the defendant Fred Nelson another, and a collision of the two cars caused the injuries complained of. In the complaint it is alleged, paragraph III, "That at all times mentioned herein, the defendants (Fred Nelson, John Doe and Richard Roe) owned and operated a certain Ford sedan, automobile, bearing 1932 California State license No. 2 H 77 57.

"IV. That at all times mentioned herein, the defendant, Fred Nelson, was driving and operating said Ford automobile with the consent of John Doe and Richard Roe, defendants."

The answer of Fred Nelson admits, by failure to deny, the allegations of said paragraphs III and IV. N. J. Nelson sued as "John Doe" by answer likewise admitted the said allegations of the complaint in his original answer. Defendant N. J. Nelson is the father of Fred Nelson. Except when the son was in Berkeley at college he lived with his parents in San Francisco. Apart from testimony of witnesses addressed to the negligent operation of the automobile by the defendant driver, it was proved that Fred Nelson had pleaded guilty to the charge of reckless driving arising out of the accident, reduced from the charge of felony. It was further proved that at the time of the accident the car was covered by insurance. The original answer of the defendant (father) was filed by an attorney for the insurance carrier. The defendants through other counsel filed an amended answer denying all of the allegations of plaintiff's complaint. Upon the trial of the cause the defendant N. J. Nelson's original answer was received in evidence as an admission by him of ownership of the car in question. The liability of the defendant son turned upon the negligent operation by him of the car, and of the defendant father upon ownership of said car and its permissive use by the son.

We return to appellants' questions. ■ Number 1. "Is a father liable as owner under section 1714¼ of the Civil Code and section 45¾ of the California Vehicle Act for injuries caused by the negligent operation of a car by a son where the father purchased the car when new for his son from a dealer for cash, and the dealer, without the knowledge of the father, mistakenly had the car registered in the name of the father as legal owner and the son as registered owner, the father at no time using or controlling the car?" The answer to this question is that there was evidence, which the

jury appears to have believed, that the father was the owner of the automobile by reason of the admission of that fact in his answer. Next, that the evidence reveals that the father used the car at times and that it was kept at all times in his garage. Next, that the jury was not forced to believe that the dealer had had the car mistakenly registered in the name of the father as legal owner and in that of the son as registered owner without the knowledge of the father, because, we repeat, the father admitted the ownership of the car. ■ On the theory that the father was the owner of the car and that he contemplated or attempted to make a gift of the same to his son, he did not comply with the requirements of section 45¾ of the California Vehicle Act, and, hence, did not exculpate himself from liability because, if he were owner, there is no question but that he permitted the son to drive the car.

■ Question number 2. "Did the defendant, N. J. Nelson, suffer prejudicial error by reason of the refusal of the court to permit the defendants to show the circumstances surrounding the registration of the car by the dealer?" The answer to this question is that the court did not refuse to permit the defendants to show the circumstances surrounding the purchase of the car as the other evidence developed that Mr. and Mrs. Nelson, accompanied by their son, went to an automobile dealer where the father for cash bought the car in question. The court did, however, properly refuse to permit evidence as to the circumstances surrounding the purchase of other automobiles than the one involved in the accident.

■ Question number 3. "Did the court err in giving an instruction containing the provisions of section 45¾ of the California Vehicle Act when the facts show the automobile was purchased new from a dealer?" The court did not err in giving an instruction containing the provisions of section 45¾ of the California Vehicle Act when the facts show that the automobile was purchased new from a dealer, because of the admission by the father that he owned the car. ■ One who has owned an automobile which he gives, sells or otherwise transfers to another must comply with that section of the act by immediately notifying the Division of Motor Vehicles of the transfer; provided, however, that in the event the notice is given, or in the event of failure to give the notice, an owner who has made a *bona fide* sale or transfer of the vehicle and delivered possession thereof to the purchaser, and who

has properly endorsed the certificate of ownership, shall not by reason of the provisions of the act be deemed the owner so as to be subject to the liability provided by section 1714¼ of the Civil Code.

 Question number 4. "Was it error to instruct the jury that if they found from the evidence that the father bought the automobile for the son and paid for it and gave it to the son, and that thereafter he knew not at all that the automobile was registered in his name as legal owner, he was not liable, but if he did know about the registration of the car in his own name as legal owner, he was liable?" Such an instruction as a legal abstraction and isolated from other instructions is erroneous as it omits the element of permissive use, but the instruction must be considered with one almost *in pari materia* given at the request of the defendants which follows:

"Under the laws of this State, there is a presumption of law that every man obeys the law, and the presumption in this case is that the automobile being operated by the defendant Fred Nelson was being operated in a lawful manner. This presumption in itself is a species of evidence and it shall prevail upon and control your deliberations until and unless overcome by satisfactory evidence to the contrary.

"An owner of a motor vehicle is made responsible under the laws of this State for the negligent operation of his automobile by another person. In this case it is denied that defendant N. J. Nelson was in fact the owner of the automobile being driven by Fred Nelson, and it devolves upon you, members of the jury, to determine whether, in fact, he was the owner thereof. In arriving at your conclusion in this regard, you are instructed that the owner of a motor vehicle, in order to be liable as I have just explained it to you, must have, first, the right to possession of the automobile, and, second, must have the right to control its operation by other persons." And with one given at the request of plaintiff which follows:

"Every owner of a motor vehicle, excepting only the seller thereof under a conditional sales contract or chattel mortgagee is liable for the injury to a person resulting from negligence in the operation of such motor vehicle by any person using or operating the same with the permission, expressed or implied

of such owner, provided however, such liability of such owner shall be limited to the amount prescribed in the statute.

"An owner of a motor vehicle is any person having the lawful use or control, or the right to the use or control of the motor vehicle for a period of ten or more consecutive days. . . .

"If you find that his father was not the owner of the machine but that Fred Nelson was guilty of negligence which alone was the contributing cause of the accident, then you will return your verdict against Fred Nelson alone and in favor of his father."

Again, it must be borne in mind considering the instructions complained of, that the jury considered that the father knew better than anybody else who owned the automobile because he had purchased it and also admitted the ownership of it.

Question number 5. "Did the giving of an instruction which by its terms purported to settle the conditions necessary to the predication of a verdict and which omitted mention of the pleaded defense of contributory negligence constitute prejudicial error?" This question has to do with an instruction concerning correlative rights and duties of persons respectively approaching an intersection. The instruction complained of follows: "If you find that the intersection was clear up to the time that the plaintiff had crossed the westerly lateral curb lines of Divisadero Street and entered the intersection, then the plaintiff had a right to assume that any car approaching the intersection from any direction would yield the right-of-way to plaintiff." This instruction must be read in connection with the ample instructions given by the court upon the subject of contributory negligence as well with the instruction given on this specific subject with another instruction. "If you find from a preponderance of all the testimony in this case that the automobile was driven by defendant Fred Nelson with ordinary care and caution and had actually entered the intersection before the other approached it, he might assume, until the contrary reasonably appeared, if it did, that he would be given the right-of-way and be permitted to pass through the intersection without danger of collision. He had the right to assume that Walker, the driver of the other car, would obey the law and yield the

right of way, if slowing down were necessary to prevent a collision.'' Errors must be considered in the light of the circumstances in which they are committed and from a perusal of the evidence in this case it is obvious that not only no miscarriage of justice occurred but it would savor of such to reverse the judgment. In August, 1931, defendants selected and purchased the car in question for which Nelson Senior paid the dealer in cash. The son was in Berkeley and the car was immediately taken to the father's garage. That the father had the right to use the car follows from the fact that he did use it and that he admitted its ownership. Its registration with the department showed N. J. Nelson as the legal owner and Fred Nelson as registered owner. This car was always under the father's control when the son was away. Since its purchase the license had been renewed under the same registration. It is true that this case is unique in that it presents a situation of the hybrid ownership of an automobile from which the jury may have inferred, as it had the right to do, that the father had the ownership put in himself in order that he might control the son's use of the car.

▆ Question number 6. ''Was it error to instruct the jury that it might take into consideration in connection with assessing damages the question as to whether or not the injuries sustained by plaintiff might reasonably be expected to cause any mental worry in the future when it was stipulated during the trial that the plaintiff had full recovery from a broken arm?'' The court gave what may be designated as a ''stock'' instruction on measure of damages. It is obvious, however, that the jury was not misled thereby and that the defendants suffered no substantial prejudice. The verdict of $3,250 was not inordinate and as the sum stands reduced is less than the special damages proved. Injuries were fractured radius and ulna, good union, consequent temporary muscle atrophy, the surgeon testifying it would take eight or nine months for the patient to have normal use of his arm.

To sum up, an insured car stands in the name of father as legal and of son registered owner, suit is brought and general ownership by the father is admitted. The insurance company attorney retires from the case, new counsel appear, a denial of ownership follows, but all the circumstances indicate that the jury was warranted in determining that the father

had the right to control the use of the car by his son and that hence the son operated it with his permission.

The judgment is affirmed.

Cashin, J., and Knight, Acting P. J., concurred.