[Civ. No. 6206. Fourth Dist. Dec. 23, 1959.]

LARRY GORHAM, a Minor, etc., et al., Appellants, v. OSCAR TAYLOR et al., Respondents.

Brumer & Hopson for Appellants.

Schell, Delamer & Loring for Respondents.

MONROE, J. pro tem.*—The plaintiffs brought this action to recover damages for personal injuries alleged to have been received as the result of a collision between a motorcycle operated by the plaintiff Robert J. Allen, and an automobile operated by the defendant Walter L. Collins. It was alleged that Collins was guilty of negligence which was the proximate cause of the collision. Joined as defendants were Timothy Lincourt, Oscar Taylor, and Orange Coast Car Specialties.

---

*Assigned by Chairman of Judicial Council.

It is alleged that the last named defendants were the owners of the car operated by defendant Collins.

The defendant Oscar Taylor moved for a summary judgment upon the ground that, doing business as Orange Coast Car Specialties, he had sold the automobile to defendant Collins and had complied with the requirements of the Vehicle Code regarding such sale, and was therefore not responsible under section 402█ of the Vehicle Code. This motion was granted and a judgment rendered in favor of defendant Taylor, from which judgment the plaintiffs appealed.

In support of the motion, affidavit was filed establishing that on March 4, 1958, he purchased the automobile from Timothy Lincourt in the course of his business as a car dealer under the name of Orange Coast Car Specialties, that thereafter, on March 6, he sold the automobile to defendant Collins and delivered possession thereof and that on the same day he mailed to the Motor Vehicle Department a dealer's notice as provided by the Vehicle Code. By further affidavits it was established that this notice was received by the Vehicle Department on the 10th day of March. The accident in question took place on March 16. Copies of certificates of ownership revealed that the car had been registered in the name of Eugene D. Surprenant, Jr., that in January of 1958 he had transferred the same to Mesa Auto Wreckers and application for transfer by them to Timothy Lincourt was dated February 4, 1958. The application for transfer to Lincourt was in possession of the Motor Vehicle Department at the time the automobile was purchased and sold by defendant Taylor.

The appellant contends that a summary judgment was improperly granted in that there existed a triable issue and contends, further, that the provisions of section 178 of the Vehicle Code had not been complied with and that respondent Taylor is thereby estopped to deny ownership.

 It is beyond controversy that a summary judgment may not be granted where there is presented a triable issue. (Code Civ. Proc., § 437c; *Taliaferro* v. *Crola*, 152 Cal.App.2d 448 [313 P.2d 136].) Section 186 of the Vehicle Code lays down the requisites for transfer of title of a motor vehicle, providing for the endorsement of the certificate of ownership and the surrender to the Motor Vehicle Department with application for transfer, but contains the exception, "as provided in Section 178." Section 178 provides in substance that

the owner of a motor vehicle who has made a bona fide sale thereof and has delivered possession of the vehicle to the purchaser shall not be deemed to be the owner for the purposes of the Vehicle Code so as to be subject to liability for the operation of the vehicle if he has either made proper endorsement and delivery of the certificate of ownership or if he has delivered to the Department of Motor Vehicles or placed in the United States mail addressed to the department a notice as provided in section 177 of the Vehicle Code. It is provided in section 177 that every dealer shall not later than the end of the next business day give notice of the transfer of the vehicle to the department upon the appropriate form provided.

Appellant contends that there was not a compliance with the requirements of the Vehicle Code because at the time of the sale to Collins the title had not been placed of record in the defendant Taylor. It is contended therefore that Taylor was not in a position to give the notice to the Vehicle Department as provided in sections 177 and 178. The courts of this state have, however, taken a different view of this section. In *Rainey* v. *Ross,* 106 Cal.App.2d 286 [235 P.2d 45], the certificate of ownership was being processed at the time that the sale in question was made. The owner making the sale failed, however, to give any notice of the transfer to the Vehicle Department and contended that because the registration of the vehicle was not complete it was impossible to comply with the statute. The court said:

"Nondelivery of the certificate of registration, from whatsoever cause, operated as a failure to meet the several requirements of the option which respondent chose to exercise. His inability to comply with those requirements did not prevent him from accomplishing the desired objective. He could have given the state the notice prescribed by section 177. Indeed, if he had performed the duty imposed upon him by that section, he would have given timely notice to the state and would have terminated future liability under section 402." (See also *Schmidt* v. *C.I.T. Corporation,* 14 Cal.App.2d 92 [57 P.2d 1016].)

The purpose of the Legislature in providing for the giving of notice is clear. ■ It is common knowledge that used cars are bought and sold, particularly by dealers, within a short period of time. To require the transaction to be held up until a new certificate of ownership could be issued in connection with each transfer would serve no useful purpose. ■ The purpose of the provision for transfer of title to

motor vehicles is not to furnish a trap whereby some unwary individual may be held liable for the acts of another over whom he has no control, but is to protect the parties to legitimate transfers and sales of property and to protect the parties who may be injured by the operation of vehicles. So it is provided that in lieu of making an endorsement and delivery of the certificate of ownership, a dealer or owner making a sale may give notice in proper form to the Motor Vehicle Department. If such notice is given and is promptly mailed or delivered to the Motor Vehicle Department the possibility of a false or fraudulent transfer in order to avoid liability for an accident is eliminated. In the instant case it appears that the notice was actually received by the Motor Vehicle Department a number of days before the collision took place.

Appellant contends further that the respondents are estopped to deny that they were the owners of the automobile and responsible for its operation under section 402 of the Vehicle Code by reason of the fact that no proper title had been vested in defendant Taylor and that therefore he was not in a position to give such notice. The reasoning of the court in *Ferroni* v. *Pacific Finance Corp.*, 21 Cal.2d 773 [135 P.2d 569], appears to be a complete answer to this contention. It is there again recognized that a bona fide transfer may be made even though the record thereof be not yet completed in the records of the Motor Vehicle Department. The court said:

"An owner as contemplated by section 402 may be an actual owner even though he has not complied with the formalities of the Vehicle Code with reference to transfer of title."

 The fact that a complete transfer of title of record to Taylor had not been perfected when he gave the notice in accordance with section 177 of the Vehicle Code does not estop him from relying upon that section. The very purpose of providing that the seller of an automobile may protect himself against liability under section 402 of the Vehicle Code by giving notice of such sale to the Motor Vehicle Department is to meet the situation where the certificate of ownership is not then readily available. The estoppel which arises from the signing and filing of that notice on March 6 was an estoppel of both Taylor and Collins to deny that Taylor was then the owner and that he transferred the ownership to Collins. It is not correct to contend that by permitting Taylor to rely upon the notice of transfer he is thereby placing liability upon Lincourt. Quite to the contrary by making this transfer and

giving notice to the Vehicle Department he has given notice that he has succeeded to Lincourt's right and title in the vehicle and has transferred it to the defendant Collins.

The evidentiary matter before the court upon the hearing of the motion for summary judgment establishes without controversy that Collins actually bought the automobile from Taylor on March 6, that notice of the sale was given to the Motor Vehicle Department, the notice in all respects complying with the statutory requirements. There is no controversy of the fact that a bill of sale was executed by Taylor transferring title of the vehicle to Collins and guaranteeing that Taylor would complete the requirements for registration. It was also undisputed that possession of the vehicle was delivered to Collins and that Taylor had no authority over Collins or the vehicle thereafter. Under these circumstances the legal result follows that Collins became the owner of the vehicle, that Taylor was no longer legally responsible for its operation, and that therefore summary judgment was properly rendered.

Judgment affirmed.

Griffin, P. J., and Mussell, J., concurred.