[Civ. No. 53466. Second Dist., Div. Five. Nov. 28, 1978.]

GLORIA JEAN BROWN, Plaintiff and Appellant, v.
JOSEPHINE FIX, Defendant and Respondent.

**COUNSEL**

Kelly & Bleuel and Michael J. Kelly for Plaintiff and Appellant.

William Walsh IV and Phillip L. Banfield II for Defendant and Respondent.

## Opinion

**HASTINGS, J.**—Defendant Josephine Fix was granted a summary judgment against plaintiff Gloria Jean Brown. Plaintiff appeals the judgment.

The facts are as follows: Defendant alleged that on February 19, 1972, she signed, dated, and delivered to her daughter Karen Weaver Raph the certificate of ownership, the keys, and the possession of one 1969 Volkswagen with California license No. YZD 525. Edwin Gail Weaver, formerly married to defendant and father of Karen, alleged that on November 7, 1970, he had signed and delivered the same certificate of ownership, the registration, and the vehicle to Karen Weaver, now Raph. Both parties, whose names were on the certificate, had intended to make a gift of the vehicle to their daughter.

The certificate of ownership in question was not filed with the Department of Motor Vehicles until April 16, 1977. Apparently, none of the parties made any attempt to notify the Department of Motor Vehicles of a change of ownership.

On June 18, 1976, Karen, while driving the 1969 Volkswagen, became involved in an automobile accident. The only question on appeal is whether defendant Josephine Fix is liable for damages incurred during this accident.

■ It is clear from Vehicle Code section 17150 that a vehicle's owner is ordinarily liable for personal injury or property damage resulting from the negligent or wrongful vehicular operation of another when that other person has received the owner's permission to operate the car. According to the Department of Motor Vehicle records on June 18, 1976, defendant was the owner of the vehicle; however, from the uncontested evidence presented in the motion for summary judgment, it appears that Josephine Fix and her prior husband had transferred the ownership from themselves to their daughter by February 19, 1972.

Transfer of title to a vehicle is governed by the Vehicle Code (*Universal Underwriters Ins. Co.* v. *Aetna Ins. Co.,* 249 Cal.App.2d 144, 148 [57 Cal.Rptr. 240]; *Singleton* v. *Perry,* 45 Cal.2d 489, 493-494 [289 P.2d 794]); Vehicle Code section 5600, transfer requirements, requires the delivery or placement in the mail to the Motor Vehicle Department of the necessary documents to effect transfer (either by the transferee, subdivision (a), or

by the transferor, subdivision (b)). However, if an owner does not correctly transfer title according to section 5600, he may still escape civil liability for an accident caused by another driver by means of compliance with section 5602, which reads as follows:

"An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle thereafter by another when the owner in addition to the foregoing has fulfilled either of the following requirements:

"(a) When he has made proper endorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code.

"(b) When he has delivered to the department or has placed in the United States mail, addressed to the department, either the notice as provided in Section 5900 or Section 5901 or appropriate documents for registration of the vehicle pursuant to the sale or transfer."

This code has been upheld by numerous California cases. (*Lerner* v. *Superior Court*, 70 Cal.App.3d 656, 659-660 [139 Cal.Rptr. 51]; *Coleman* v. *Fitzgerald*, 252 Cal.App.2d 58, 61-62 [60 Cal.Rptr. 173]; and the very recent case of *Hidalgo* v. *Anderson*, 84 Cal.App.3d 378, 381-382 [148 Cal.Rptr. 557].) While strict compliance with the statute is required to escape liability (*Uber* v. *Ohio Casualty Ins. Co.*, 247 Cal.App.2d 611, 616 [55 Cal.Rptr. 720]), the only question of compliance raised here is whether a *gift*, as well as a *sale*, may be considered a transfer under this code. Plaintiff contends that since section 5602 states a bona fide sale or transfer is to be made to a purchaser, the use of the word "purchaser" rather than "transferee" implies the exclusion of gifts from the protection of the code. Plaintiff also contends that since associated code sections (5600, 5751, 5900, and 5902) did use the term "transferee," the Legislature specifically intended to make section 5602 unique in confining its exercise to transfers by sale.

In *Walker* v. *Nelson*, 11 Cal.App.2d 297, 301-302 [53 P.2d 977], the court, citing section 45¾[1] of the California Vehicle Act stated: "One who

---

[1]Section 45¾ was the forerunner to section 5602. In 1935, 45¾ was replaced by Vehicle Code, section 178 (amended in 1941 and 1955). In 1959, section 178 was replaced by section 5602. As pertains to this case, the provisions of the various sections have remained basically the same.

has owned an automobile which he *gives,* sells or otherwise transfers to another must comply with that section of the act by immediately notifying the Division of Motor Vehicles of the transfer; provided, however, that in the event the notice is given, or in the event of failure to give the notice, an owner who has made a *bona fide* sale or *transfer* of the vehicle and delivered possession thereof to the purchaser, and who has properly endorsed the certificate of ownership, shall not by reason of the provisions of the act be deemed the owner so as to be subject to the liability provided by section 1714¼ of the Civil Code." (Italics added.) Although this statement is dictum to the opinion, we are satisfied that the court was correct in applying the section to gifts. ■ A valid gift is a recognized transfer of property and legally enforceable. (See Civ. Code, § 1146 and *Jaffe* v. *Carroll,* 35 Cal.App.3d 53, 59 [110 Cal.Rptr. 435].) A valid or bona fide gift should not be treated differently than any other transfer of personal property unless there is *clear* legislative intent to this effect. ■ We do not think use of the word "purchaser," when considered in the overall context of the section and the reasons behind its adoption, is sufficient enough to exclude protection to donors. It also seems more logical that the Legislature would have omitted the word "transfer" from the section if only sale transactions were contemplated.

In Civil Code section 1039, the transfer of property is defined as "an act of the parties, or of the law, by which the title to property is conveyed from one living person to another." Civil Code section 1040 expands the notion of transfer to include voluntary conveyances made without the necessity of consideration and section 1146 defines gift as "a transfer of personal property, made voluntarily, and without consideration." The case law supporting voluntary transfers is extensive. (*Cambridge Co.* v. *Moore,* 62 Cal.App.2d 134, 139 [144 P.2d 57]—real property; *Jaffe* v. *Carroll, supra,* 35 Cal.App.3d 53, 60—business profits; *Berl* v. *Rosenberg,* 169 Cal.App.2d 125, 130 [336 P.2d 975]—securities.)

■ The Legislature's purpose in enacting provisions for title transfer of motor vehicles is "not to furnish a trap whereby some unwary individual may be held liable for the acts of another over whom he has no control, but is to protect the parties to legitimate transfers and sales of property and to protect the parties who may be injured by the operation of vehicles." (*Gorham* v. *Taylor,* 176 Cal.App.2d 600, 604 [1 Cal.Rptr. 546].) ■ Since gift transfers are valid transfers, it would seem the parties who make them should be protected by section 5602. Furthermore, the fact that gift transfers are covered by section 5602 does not

mean a party injured by the operation of a vehicle would be left unprotected. In this sense, the protection of injured parties depends on the correct identification of the person subject to liability, not on whether liability is the result of sale or gift.

Plaintiff argues that if gifts are covered by section 5602, fraudulent allegations of gift transfers by owners seeking to escape liability could easily be made subsequent to injury inflicted, thereby allowing unscrupulous owners to readily outwit the law. The section, however, clearly refers to a bona fide transfer with delivery of possession and a properly endorsed certificate of ownership. Whether or not such a gift is made is an evidentiary question. If the requisites of a valid gift are not found, a gift transfer is obviated. Here, the matter does not appear to be contested.

In view of the strong California precedent upholding transfers by gift, we conclude a "bona fide sale or transfer of a vehicle" covers a gift transaction. The trial court was correct in granting summary judgment to defendant based on the uncontradicted evidence before it.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.