[Civ. No. 55755. Second Dist., Div. Five. Sept. 7, 1979.]

ROGER ELDON SCOGGINS, Plaintiff and Appellant, v.
JOSEPH E. KRISTOFF, Defendant and Respondent.

## COUNSEL

Brent R. Ascough and James R. Parke for Plaintiff and Appellant.

Brill, Hunt & DeBuys, Donald G. Shanahan and Howard A. Kapp for Defendant and Respondent.

## OPINION

HASTINGS, J.—On March 26, 1975, defendant Joseph E. Kristoff (Kristoff) sold his 1968 Ford passenger car to defendant Thomas Francis Rafferty (Rafferty). Both parties testified that the car registration and the certificate of ownership were properly endorsed and delivered along with the car to Rafferty on that date, thus complying with Vehicle Code section 5602, subdivision (a).[1]

On April 12, 1975, plaintiff Roger Eldon Scoggins suffered injuries when his motorcycle was negligently rear-ended by Rafferty while he was driving the 1968 Ford. Rafferty admitted his liability for the occurrence and is not a party to the appeal.

---

[1]Vehicle Code section 5602 reads in pertinent part as follows: "An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle thereafter by another when the owner in addition to the foregoing has fulfilled either of the following requirements: [¶] (a) When he has made proper endorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code."

█ Plaintiff seeks liability against Kristoff on the theory that he was the imputed owner of the vehicle on the day of the accident and liable under Vehicle Code section 17150.[2] It is plaintiff's contention that the sale of the car by Kristoff to Rafferty had not been consummated because on the date of the accident there had been no compliance by Kristoff to Vehicle Code section 24007, subdivision (b)[3] requiring that a "smog device" had to be added to the motor vehicle *before* the sale was complete.[4]

At trial plaintiff proposed jury instructions to support his theory but the court instructed the jury that if Kristoff had transferred the possession of the vehicle with the registration certificate and certificate of ownership properly endorsed according to section 5602, subdivision (a) that he was absolved of liability. The jury so found and this appeal followed.

## DISCUSSION

Plaintiff is relying on the technical wording of section 24007, subdivision (b)[5] which stated in pertinent part: "No person shall sell a new or used motor vehicle . . . [which does not have a 'NOX device' installed if it is a car such as a 1968 Ford such as involved in the subject accident]."[6] Plaintiff argues that section 5602, subdivision (a) states that the certificate of ownership and registration must be delivered "as provided in this code," therefore, no sale is complete until the seller has complied with section 24007, subdivision (b), inasmuch as it is a part of "this code." Plaintiff places great emphasis on the fact that the "smog control"

---

[2] Vehicle Code section 17150 reads as follows: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner."

[3] In March 1975, Vehicle Code section 24007, subdivision (b) read as follows: "No person shall sell a new or used motor vehicle subject to the provisions of Chapter 4 (commencing with Section 39080) of Part 1 of Division 26 of the Health & Safety Code which is not in compliance with the provisions of Chapter 4 (commencing with Section 39080) of Part 1 of Division 26 of the Health & Safety Code and the rules and regulations of the State Air Resources Board, unless the vehicle is either (1) sold to a dealer, or (2) sold for the purpose of being wrecked or dismantled . . . ."

[4] Documentary evidence at the trial established that 18 days *after* the accident, a smog compliance certificate was obtained and was dated on April 30, 1975.

[5] The provisions that require installation of a "NOX" device under circumstances of the present case were not repealed and were and are still in effect.

[6] Statement in brackets is the interpretation of the statute as applied to the facts of this case.

sections were added after the enactment of section 5602 in 1959 and therefore became new requisites for a completed sale of a used vehicle. He claims the Legislature could have negated this interpretation but their failure to do so confirms his argument. He also argues in detail that the public policy reasons behind the legislation, i.e., preservation of the public health and the environment, mandate the rule that a sale is not complete until *all* provisions of the code are met.

Plaintiff's argument overlooks existing case law and the compelling reasons to protect from imputed negligence, an innocent party, who in good faith transferred ownership and possession of a vehicle. ■ It has been established that a transfer of the property interest in a motor vehicle is effective as between the immediate parties even though they have not complied with the registration statute. (*Security Pacific Nat. Bank* v. *Goodman,* 24 Cal.App.3d 131, 136 [100 Cal.Rptr. 763].) There were numerous reasons for the adoption of section 17150 that imposes vicarious liability without fault on vehicle owners for the negligence of their permitee drivers. On the other hand, because of the tremendous hardship the section can cause to the bona fide seller, section 5602 was adopted to protect him from the buyer's negligence over which he had no control. ■ In the recent case of *Brown* v. *Fix,* 86 Cal.App.3d 809 [150 Cal.Rptr. 431] we stated at page 813: "The Legislature's purpose in enacting provisions for title transfer of motor vehicles is 'not to furnish a trap whereby some unwary individual may be held liable for the acts of another over whom he has no control [i.e., and the vendee of an automobile], but is to protect the parties to legitimate transfers and sales of property and to protect the parties who may be injured by the operation of the vehicles.' (*Gorham* v. *Taylor,* 176 Cal.App.2d 600, 604 [1 Cal.Rptr. 546].)"

■ Here, there was no causal connection between the accident and the failure to obtain the required smog control device. As plaintiff noted the smog control laws involved were passed subsequent to section 5602 and this fact helps to defeat plaintiff's argument rather than aid it as he contends. When the new legislation was passed the law was clear that compliance with section 5602, subdivision (a) released the seller of imputed liability even though some technical requirements of the registration statutes had not been complied with. Had the Legislature intended, the technicality of failure to install a smog device as an additional requirement to section 5602 could easily have been added to the legislation.

The jury in our present case did determine that Kristoff had complied with section 5602, subdivision (a). He, therefore, was a bona fide seller within the meaning of that section and this in turn under the facts of this case relieved him from liability under section 17150. The court was correct in refusing plaintiff's instructions and the jury was given the correct issue by the court for determination of this case.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied October 2, 1979, and appellant's petition for a hearing by the Supreme Court was denied November 1, 1979.